# CASES DETERMINED

AT THE

## *June Term, 1874.*

HUNDHAUSEN VS. BOND, impleaded. HUNDHAUSEN VS. AT-
KINS, impleaded.

BUILDING MATERIAL. (1) *Earth excavated from building lot does not con-
stitute, in sense of city ordinance.*
STREET: EASEMENT: NUISANCE: ACTION FOR INJURIES. (2, 3) *Right of
owner of city lot to place excavated earth in street.* (4) *When such earth
a nuisance.* (6) *When employer not liable for injuries through street
obstructions.* (7) *When employer and contractor jointly liable.*
REVERSAL OF JUDGMENT. (8) *For instruction correct upon the fact assumed,
but not upon the fact proved.* (9) *For erroneous instruction as to joint
liability of defendants.* (10) *For rendering several judgments against
defendants sued jointly.*

1. A city ordinance provides that "no person shall place, or cause to be
   placed, any stones, timber, plank, boards, or other *materials for
   building*, in or upon any street  *  *  without a written permission,
   *  *  under the penalty of two dollars for each and every twenty-
   four hours during which the articles or materials aforesaid shall
   remain in any such street  *  *  after notice to remove the same."
   *Held*, that earth excavated from a building lot, merely to prepare
   such lot for the erection of a building thereon, and placed in an ad-
   joining street for removal elsewhere, cannot be regarded as "building
   material," within the meaning of the charter.
2. The owner of a city lot, having an estate in fee to the center of the
   adjacent street, has a right to the enjoyment of any use of his estate
   consistent with the servitude to which it is subjected.

3. Where the owner of a city lot, abutting on a street, has occasion to build thereon, and for that purpose to dig a cellar, he may rightfully lay his building materials and earth within the limits of the street, taking care not improperly to obstruct the street, and removing them within a reasonable time.

4. If the earth excavated from the lot in such a case is unnecessarily and dangerously extended into the street, or raised to an unnecessary and dangerous height, or insufficiently guarded against accidents to passengers, or suffered to remain an unreasonable length of time (longer than would be required for its removal in the exercise of ordinary care and diligence), in either case the obstruction becomes as much a nuisance as if placed there without color of right.

5. In an action for injuries caused by such obstruction, all the questions of fact above indicated, where there is evidence bearing upon them, should be *left to the jury*, with proper instructions.

6. Where an obstruction or defect created or caused in a street by a contractor engaged in erecting a building for another, is purely *collateral* to the work contracted to be done, and is entirely the result of the wrongful act of the contractor or his workmen, the employer is not liable for injuries caused thereby to a third party.

7. But where the obstruction or defect which occasions the injury results directly from the acts which the contractor has agreed and is authorized by his employer to do, the employer is also liable to the injured party; and an action will lie against the employer and contractor jointly.

8. Where the charge of the court assumed a material fact contrary to the proof, and stated the law correctly as applied to the fact *assumed*, but not as applied to the fact *proven* : *Held*, ground of reversal.

9. In an action against two defendants, where, upon the evidence, a verdict might properly have been found, and judgment rendered, against both, the jury were instructed that they could not find against both, and the verdict was in favor of one defendant and against the other. *Held*, that such erroneous instruction is ground of reversal.

10. Where two defendants are sued jointly, and the verdict is against one and in favor of the other, it is error to render two *several* judgments, signed at different times. There should be but one judgment, and one judgment record, in the case. And *both* the several judgments should be reversed for this error, on plaintiff's appeal.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for injuries to plaintiff's person alleged to have been caused by certain obstructions in a public street in Milwaukee,

in front of *Atkins'* house.   The complaint alleged that *Atkins*, being the owner of premises abutting on Cedar Street, employed *Bond* to make alterations and repairs on the premises; that *Bond*, in so doing, placed earth taken from the lot, on the street in front of the premises; that defendants neglected to place any signals or lights to warn people against accidents, in consequence of which plaintiff, riding by in his buggy, was upset and broke his leg and sustained other severe injuries, without fault of his own.

*Atkins*, by his answer, alleged that he employed *Bond*, a master builder, to excavate a portion of his cellar and brick up the same, and to do certain other work in connection therewith, but that "said *Bond*, neither by said contract, nor in performing the same, or otherwise, was ever the servant, agent, or employee of this defendant, but had merely contracted to do said work by his own servants, agents and employees, none of whom were the servants, agents, or employees of this defendant;" and he disclaimed having given any directions as to excavating or placing the dirt.

The answer of *Bond* denied negligence on his part; denied that the earth was placed in the street by him; denied that the street was in fact obstructed, as alleged; and averred that the work of excavating and depositing earth on the street was done by men procured by himself for *Atkins*, at the latter's request; that the work was done under *Atkins'* direction, and no more earth was placed in the street than was necessary in repairing the premises.

Upon the trial, the court rejected plaintiff's offer to give in evidence an ordinance of the city of Milwaukee, relating to streets and alleys, section 12 of which reads as follows: "Sec. 12. No person shall place, or cause to be placed any stones, timber, lumber, plank, board or other materials for building, in or upon any street, alley or public square,   *   *   *   under the penalty of two dollars for each and every twenty-four hours during which the articles or materials aforesaid shall be

or remain in any such street, alley, or public square, without permission as aforesaid, after notice to remove the same." The court also refused plaintiff's offer to prove that defendants had no license under the ordinance to remove the earth.   Plaintiff then proved by various witnesses that the accident occurred about seven o'clock in the evening of October 24, 1870; that plaintiff was riding past in a "Democrat" wagon, with two friends, the three occupying the same seat, when he was thrown from the wagon or buggy by the pile of earth in front of *Atkins'* house; that the night was quite dark, so dark that the pile could not be seen, and that no guards were erected or lanterns displayed to prevent accidents, but that a lantern was placed on the pile the same evening, after the accident; that the pile of earth was five or six feet in height and twelve or fourteen feet in length, and sloping down from the edge of the street next the house to about the middle of the street, where it ceased, leaving the remaining half of the street clear.   Defendant *Bond*, being called as a witness for plaintiff, testified that the men were in his employ, engaged in excavating under *Atkins'* house to make room for a hot-air furnace; that they began on Friday, but no dirt was wheeled out until Saturday, the accident occurring the following Monday; and that the dirt was put on the street by *Atkins'* direction.   "All I had to do about giving directions to put the dirt on the street was, that I interpreted *Mr. Atkins'* directions to the men.   *   *   I charged *Mr. Atkins* two dollars a day for each of the men for the time they were engaged in digging and wheeling the dirt into the street."

Defendant *Atkins*, called as a witness for plaintiff, testified on cross examination that he employed *Bond* to do the work. "I said I wanted to have it done by a certain time, and all cleaned up; wanted to pay no attention to it myself; did not want to be troubled with it, and when done I wanted him to bring in his bill.   When he brought the men, we talked over the way the work should be done, and how to get rid of the

material. I said the dirt had better be put in the street; I did not want it on the grass plot. It had to be got out over a tight board fence; we finally decided to have it wheeled out through the gate into the street. That was about all that was said. I stated this wholly to *Mr. Bond.*" *Bond* rendered a bill for the work, which witness paid him; no price was agreed upon; witness paid none of the men, but paid *Bond* in person.

Defendants offered evidence tending to prove that the light from street lamps on the adjacent corners was sufficient to illume the pile of dirt and make it visible half a block away, if the lamps were then burning, which was not distinctly proven. One of the workmen testified that *Atkins* gave him some directions about cutting out a doorway, and how deep the dirt should be taken out, but *Atkins* did not pay him for the work.

The instructions are sufficiently stated in the opinion. The jury found *Atkins* guilty, and *Bond* not guilty, assessing plaintiff's damages against *Atkins* at $500. Judgments upon the verdict, for *Bond*, and against *Atkins*, entered at different times. Plaintiff appealed.

*Mann & Cotzhausen*, for appellant, contended that the court erred in excluding the city ordinance offered in evidence by plaintiff. Conceding the common law right of owners of lots bordering on streets, in improving their premises, to make a reasonable use of the adjoining highway, this right may be restricted by the city. Every unauthorized obstruction of a street is a nuisance, and the person erecting it is liable to any one sustaining injury, irrespective of the question of negligence. Dillon on Mun. Corp., 521–581; Shearm. & Redf. on Neg., § 363 and notes. Defendants, in encumbering the street without license, were engaged in the commission of an unlawful act; hence they are liable to any person who, using due care, sustained special injury by reason of the obstructions. 2. The court erred in instructing the jury that the removal of the pile of dirt was not unnecessarily delayed, because the

evidence showed that the parties began digging in the after-
noon, and the accident occurred. on the evening of the same
day.    There was no testimony in the case to warrant such a
charge upon the facts, the work having been begun on Friday,
and the accident occurring Monday.    3. If the obstruction was
unlawful, it matters not what the precise relations of the de-
fendants were between themselves.   Shearm. & Redf. on Neg.,
§ 84; *City of Buffalo v. Holloway*, 7 N. Y., 493.    The court
therefore erred in instructing the jury to acquit either one or
the other defendant.    Shearm. & Redf., § 112; 2 Hilliard on
Torts, 420 ; *Wright v. Wilcox*, 19 Wend., 343.    It matters not,
upon the facts shown as to the obstruction, whether *Bond* was
a servant or an independent contractor.    Where the work con-
tracted for, as in this case, necessarily constitutes an obstruc-
tion or defect in the street, of such a nature as to render it un-
safe or dangerous for public travel unless properly guarded or
protected, the employer, equally with the contractor, when the
injury results directly from the acts which the contractor en-
gaged to perform, is liable therefor to the injured party.    Dil-
lon on Mun. Corp., §§ 518, 538, 541, 793, 794; 2 Hilliard on
Torts, 445.

   *Cottrill & Cary*, for the respondent *Atkins*, argued that the
verdict having settled plaintiff's right of recovery, as well as
the person against whom recovery should be had, and the
amount, it is immaterial that error in rulings was committed at
the trial, if error there was, inasmuch as plaintiff's right to re-
cover was not, in fact, affected thereby.    The ordinance offered
in evidence was properly rejected, the 12th section, which is
the only one having any application to the case, covering only
"materials for building."    This dirt was not "materials for
building," and, even if the ordinance applied, the case of *Clark
v. Fry*, 8 Ohio St., 358, is a full and satisfactory authority that
this dirt might be placed in the street temporarily.    And cer-
tainly, in this state, where the lot owner is held to own the fee
of the street to its center, subject only to the public use, he has

the right to temporarily and reasonably occupy the street, when necessary in building or improving.   2. As between *Bond* and *Atkins*, there can be no question, upon the evidence, that *Bond* was our contractor.   *Atkins* never rendered himself liable for the work that was done, to any one but him.   *Bond* brought his own workmen, paid them himself, presented his bill in gross to *Atkins*, and the latter paid it.   Having made the most he could out of the job, he now seeks to make us respond for his negligence.

*James G. Jenkins* and *Wells & Brigham*, for the respondent *Bond*, contended that the owner of the premises has the common law right of temporarily encroaching on the street, when necessary in repairing or improving his premises.   The encroachment must be made with a reasonable care for the rights of travel, and must not be continued unreasonably long, but the right is unquestionable.   *Clark v. Fry*, 8 Ohio St., 358; *Commonwealth v. Passmore*, 1 S. & R., 217.   The encroachment in this case was not only a reasonable one, but was an absolute necessity, and its extent was not unreasonable.   And the right so to use the street is inherent in the owner, and can not be taken away by the ordinance in question.   And the exclusion of the ordinance can not be claimed as an error to plaintiff's injury, since it could only affect his right to recover, and this the jury found in his favor.   2. The relation between *Atkins* and *Bond* was that of master and servant, so far as there was any relation at all.   It was not the relation of owner and contractor, since to sustain such a relation it must appear that the terms, price, and particular manner of doing the work, have been agreed upon, and that the owner retains "no control over the mode and manner of the performance of the work under the contract," and no right to direct the workmen.   *Brackett v. Lubke*, 4 Allen, 138; *Harper v. Milwaukee*, 30 Wis., 365.   But in any event, *Bond's* employment and that of his men did not extend to the care and removal of the earth after it was placed in the street.   Upon *Atkins* devolved the duty of guarding the

pile of earth, and he is liable, not for placing it in the street, but for negligence in the subsequent care of it, for which *Bond* and his men were not employed. 3. Even if there was error in the charge of the judge, that there could not be a judgment against both defendants, it was cured by the verdict and worked no injury, since plaintiff only sought damages, which he recovered by his judgment. But the instruction was correct. Under the evidence, one of two things was true : either *Bond* was an independent contractor, as *Atkins* testifies, in which case *Bond* alone was liable; or, as he himself testifies, he was a servant in certain things, but had no duty concerning the earth after its removal, in which case he was not liable at all. Under either alternative the instruction of the court was correct.

RYAN, C. J.    We cannot hold the earth excavated from the premises of the defendant *Atkins*, without any purpose of using it in his building or of restoring it to his premises, but placed in the adjacent street for final removal elsewhere as surplusage, to be building material within sections 12 and 13 of the city ordinance offered in evidence. What is permanently removed to give place to a building, is surely not material for the building. Indeed, conceding the power of the common council to regulate the use of streets for building material, and to grant permits for that purpose, and to limit those to four months or less as may be necessary, we may well question the power of the city to license such a deposit of earth in a street, beyond a reasonable time for its removal. The ordinance in question assumes no such power ; is silent on the subject; and we are of opinion that it was properly excluded by the court below.

It is true that some sand was excavated, placed in the street, and used for mortar. But this appears to have been after the plaintiff's accident, and can have no bearing on the conditions of the accident.

Aside from the question on the ordinance, there was no serious difference, on the argument, between the counsel, as to the

right of the defendant *Atkins*, and those acting by his authority, to use half of the street in front of his premises for the temporary deposit of the earth excavated; and there is little ground for such difference. He has an estate in fee to the center of the street, and " has a right to the enjoyment of any use of his estate, consistent with the servitude to which it is subjected." When, in a city, an owner of an abutting lot has " occasion to build, and for that purpose to dig cellars, he may rightfully lay his building materials and earth within the limits of the street, provided he takes care not improperly to obstruct the same, and to remove them within a reasonable time." The general principle thus accurately stated by the supreme court of Massachusetts in *O'Linda v. Lothrop*, 21 Pick., 292, has been recognized by this court as early as in the case of *Gardiner v. Tisdale*, 2 Wis., 153, and in many subsequent cases.

So that either of the defendants, acting in the right of the defendant *Atkins*, might lawfully deposit the excavated earth on the half street next the lot of the latter, provided the street was not improperly obstructed by it, and provided that it was removed in a reasonable time.

But this temporary impediment of the highway is licensed only so far as it is reasonably necessary, and must be placed in the most convenient manner for safe passage over the highway, by night and by day, and be guarded by due precautions against accident to passengers, and must not be continued longer than is necessary. *Clark v. Fry*, 8 Ohio St., 358; *Storrs v. Utica*, 17 N. Y., 104; *Chicago v. Robbins*, 2 Black, 418.

It was claimed by the plaintiff that the excavated earth in the street was necessarily a nuisance *ab initio*. It was claimed by the defendants that the earth, originally deposited of right, could not afterward become a nuisance by negligence in guarding it against consequent accident, or by unnecessary delay in removing it; that these were questions of negligence or diligence in the exercise of a right. We can sanction neither proposition.

Hundhausen vs. Bond, impleaded.   Hundhausen vs. Atkins, impleaded.

The first has been already sufficiently answered.   For the second, if the earth was unnecessarily and dangerously extend ed into the street, or raised to an unnecessary and dangerous height, or insufficiently guarded against accident to passeners, or suffered to remain an unnecessary time, then and from thence the conditions of the license given by the law to put it there were broken, and the license *quoad hoc* ceased, and the earth in the street was as much a nuisance as if placed there by a stranger to the title, without color of right.   Both points are expressly adjudicated in *Clark v. Fry*, and *Chicago v. Robbins*, above cited, and in many other cases.

It is claimed in effect, by the plaintiff, that the earth was deposited in the street, not in the manner most convenient for the use of the street by being extended at the least height along the side of the street, but in the manner most convenient for the deposit and removal of the earth itself, by being confined and so extended into the street, and raised to a height which added to the danger of its presence in the street, and that due precautions against consequent accident were not taken.   It is enough to say that there was evidence tending to support this claim, and these were questions for the jury, under proper instructions.

The obstruction of the highway permitted is essentially temporary, and must be removed in a reasonable time ; that is, it must be continued no longer than is reasonably necessary ; it need not be removed as soon or as fast as may be absolutely possible, but it must be with ordinary care and diligence.   It is claimed by the plaintiff that the earth was not removed from the street in a reasonable time, but was unnecessarily and negligently permitted to remain in the street, pending the excavation and before the plaintiff's accident.   This was a question of fact for the jury, under proper instructions.

It appears from the bill of exceptions that the deposit of earth in the street began on Friday, and that the earth re mained there until the accident happened on Monday night.

And it also appears that the learned judge of the court below misapprehended the evidence, and told the jury that the digging commenced in the forenoon, and that the accident occurred in the evening of the same day. And he added that "the law regards that as not an unnecessary length of time for the dirt to be kept there." The mistake of fact apparently led the learned judge into a mistake of law, as applicable to the actual evidence; and the charge, on the fact and law taken together, is clearly erroneous.

The defendant *Bond* claimed that he was the mere servant of his codefendant, not responsible for doing his master's work, under his master's orders, the work not being *per se* unlawful.

The defendant *Atkins*, on the other hand, claimed that he employed the other defendant to do the work as an independent contractor, over whom he had no control, and that therefore he was not responsible for what his contractor did.

Both the defendants claimed, as we understand, that in either case there could be no joint liability of the defendants to the plaintiff for the injury. And the court below seems to have adopted this view.

We cannot concur in this broad and unqualified conclusion. It assumes that the relation between the defendants, in the act complained of, was necessarily and simply of the one or other character, whereas it might well be not of either; and both defendants, *quoad* the public and the plaintiff, might well be principals. It also assumes that, in the position taken by the defendant *Bond*, the work was lawful throughout, which is begging one question of fact for the jury to have found, under proper instructions. And it assumes that, in the position taken by the defendant *Atkins*, an employer cannot be liable in any case for the acts of his independent contractor. Such we do not hold to be the law. There is, indeed, a general rule to that effect, but it has at least one exception. We find the rule, with the exception, well stated by the supreme court of the United States in *Robbins v. Chicago*, 4 Wallace, 657, and adopt

it as applicable to this case: "When the obstruction or defect created or caused in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable. But when the obstruction or defect which occasioned the injury results directly from the acts which the contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do those acts, is equally liable to the injured party." See also *Storrs v. Utica, supra.* There is no conflict between this rule and that stated in the opinion of this court in *Harper v. Milwaukee,* 30 Wis., 365, cited in the brief submitted for the defendant *Atkins.* The question on which the exception to the rule turns, was not in that case, and the opinion merely cites the general rule, without reference to the qualification of it stated in *Robbins v. Chicago.*

It is not necessary to consider the precise bearings of this rule on the facts of the present case, in all its aspects. It is enough to say now that there was evidence, which it would hardly be proper for us now to discuss, tending to charge both defendants, as to the public, as principals in the deposit of earth in the street, rendering both accountable for its proper disposition and for due precautions against accident from it, and for its removal in a reasonable time. And this was a question of fact for the jury, under proper instructions.

After stating to the jury the positions of the defendants, above noted, the learned judge before whom the cause was tried, instructed the jury that, in either case, they could not find against both defendants. In our view of the law applicable to the case, this was erroneous.

But it is argued that, conceding all these positions, the plaintiff had, against all erroneous rulings on the trial, his verdict and judgment against the defendant *Atkins;* and that therefore his exceptions cannot avail him here. This argument fails, on two grounds.

Hundhausen vs. Bond, impleaded.   Hundhausen vs. Atkins, impleaded.

The plaintiff was entitled to go to the jury, on proper instructions, against both defendants, and to a judgment against both, if he had obtained a verdict against both.   And he is still so entitled, in our view of the case.

There was, under the instructions given, a verdict for the plaintiff against one defendant, and for one defendant against the plaintiff.   On this verdict, several judgments were entered at several times.   We consider this to have been wrong practice.   There must, indeed, be judgment for the plaintiff against the one defendant, and against him for the other defendant; but there can be but one judgment record, and the double judgment should be signed as one.   See form in appendix to Burrill's Practice, section 324.   If either party had delayed judgment to the prejudice of the other, the court below could have afforded a prompt remedy.   The code does not vary the practice.   See *Bacon v. Comstock*, 11 Howard's Pr., 197; *Catlin v. Latson*, 4 Abbott's Pr., 248.   And we must treat these two judgments as entered together.

If the plaintiff be entitled to recover, he is entitled to compensatory damages only.   And if we should affirm the judgment against the defendant *Atkins*, and reverse the judgment in favor of the defendant *Bond*, as it was contended by the former that we might do, the absurdity of two verdicts, in different amounts of compensatory damages, for the same injury, in the same action, against different defendants, with judgments upon them, might not only well follow, but it might also well happen that the plaintiff would be twice compensated for the same injury.   If entitled to recover at all against both defendants, he is entitled to but one verdict, and one judgment for his damages, and one satisfaction.

It follows that both judgments in the cause must be reversed, and the cause remanded for trial against both defendants.

*By the Court.* — It is so ordered.