## LAWTON *v.* MORGAN, FLIEDNER & BOYCE.*

(131 Pac. 514: 134 Pac. 1037.)

**Master and Servant—Independent Contractors—Personal Injuries— "And."**

A general contractor is not liable to a servant of an independent contractor for personal injuries caused by the negligence of such independent contractor in possession of the premises, under Laws of 1911, page 16, relating to the duties of owners, contractors, subcontractors or corporations, or persons whatsoever, "engaged" in the construction of any building, etc., and requiring "all owners * * and other persons having charge of any work involving danger to employees or the public to use every device and precaution to obviate the danger," the word "and" before the words "other persons" in such statute meaning "or."

[As to who is an independent contractor, see note in Ann. Cas. 1913B, 1152. As to liability for negligence of independent contractors, see note in 76 Am. St. Rep. 382.]

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by John Lawton against Morgan, Fliedner & Boyce, a corporation, Thomas Davidson,

---

*For the general rule as to absence of liability for acts of independent contractor, see extensive note in 65 L. R. A. 622        REPORTER.

W. A. Leith and B. J. Hecker to recover damages for a personal injury alleged to have been caused by the defendants' negligence. The summons herein was not served upon Davidson, Leith, or Hecker, and as to them the action was dismissed.

The corporation answering denied the material averments of the complaint and set up affirmative defenses as follows: (1) That the injury complained of was caused by an independent contractor; (2) that the hurt resulted from the plaintiff's contributory negligence; (3) that the accident arose from the negligence of a fellow-servant; and (4) that the plaintiff assumed the risk. The allegations of new matter in the answer having, by stipulation, been deemed denied, the cause was tried, and it was agreed by the parties that the testimony received substantiated the facts in substance as follows: That on March 30, 1911, the time of the accident, Leith and Hecker were the owners of a tract of land at the northeast corner of Grand Avenue and East Stark Street, Portland, Oregon, and prior thereto they had entered into a contract with the corporation, whereby it engaged to erect for them a building on the premises. In order to secure an adequate foundation for the structure, it became necessary to drive in the earth piling, upon the top of which the foundation might rest; whereupon the corporation made a contract with Davidson, by the terms of which it agreed to supply the piling, and he stipulated to furnish the machinery and labor necessary to perform that part of the work. The piles were to be driven according to the plans and specifications, but such drawings and detailed statements were deviated from by the corporation's foreman, who changed the location of some of the supporting timbers, directed in a few instances that one pile should be driven on top of another, specified the number to be used, and

indicated the depth to which they should be forced. The plaintiff was employed by Davidson, who directed where and how he should work, and had the right to discharge him though he and the other employees engaged in driving piling were paid by the corporation's checks, which orders on the bank were charged on account of the contract price against Davidson, who was without funds to pay his laborers. The steam engine furnished by Davidson as a motive power to operate the pile-driver was old and defective, the appliances for raising and holding the hammer were inadequate, and no provision was made for an efficient or prompt system of communication by means of signals between the man who operated the engine and the employees about the pile-driver. The engine was Davidson's property, and the corporation did not exercise any supervision, direction, or control over the machinery, the men employed by Davidson, the signals, the apparatus, or appliances used in performing such work, and as between the corporation and Davidson he was an independent contractor. The plaintiff, on March 30, 1911, was engaged as "top man" on the pile-driver, and while he was endeavoring to place a piling between the upright leads the hammer, without his signal and in the absence of any warning, fell, crushing his left hand and causing the injury complained of.

Based on this testimony, the corporation's counsel moved the court for a directed verdict. It was then admitted that the defense of independent contractor had been established, but the trial court, concluding that Chapter 3 of Laws of Oregon of 1911, initiated by petition and ratified by a majority of the votes cast in favor of the measure at an election held November 8, 1910, eliminated such defense, denied the motion. The cause was then submitted to the jury, which re-

turned a verdict in plaintiff's favor in the sum of $4,650, and judgment having been rendered thereon the corporation appeals.

REVERSED: ACTION DISMISSED

For appellant there was a brief over the names of *Griffith, Leiter & Allen* and *Mr. F. J. Lonergan,* with an oral argument by *Mr. Rufus A. Leiter.*

For respondent there was a brief over the names of *Davis & Farrell* and *Mr. G. D. Young,* with an oral argument by *Mr. W. F. Farrell.*

MR. JUSTICE MOORE delivered the opinion of the court.

It is conceded that by the principles of the common law an action of this kind could not have been maintained against Morgan, Fleidner & Boyce. The question therefore to be considered is whether or not the enactment referred to (Chapter 3, Laws Or. 1911) permits a recovery under the facts stipulated. The act, as far as deemed necessary herein, reads as follows:

"All owners, contractors, subcontractors, corporations or persons whatsoever, engaged in the construction * * of any buildings * * or operation of any machinery * * shall see that all machinery other than that operated by hand power shall, whenever necessary for the safety of persons employed in or about the same or for the safety of the general public, be provided with a system of communication by means of signals, so that at all times there may be prompt and efficient communication between the employees or other persons and the operator of the motive power, * * and generally, all owners, contractors, or subcontractors and other persons having charge of, or responsible for, any work involving a

risk or danger to the employees or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliances and devices": Section 1.

"The manager, superintendent, foreman or other person in charge or control of the construction or works or operation, or any part thereof, shall be held to be the agent of the employer in all suits for damages for death or injury suffered by an employee": Section 2.

"In all actions brought to recover from an employer for injuries suffered by an employee the negligence of a fellow-servant shall not be a defense where the injury was caused or contributed to by any of the following causes, namely: Any defect in the structure, materials, works, plant or machinery of which the employer or his agent could have had knowledge by the exercise of ordinary care; the neglect of any person engaged as superintendent, manager, foreman, or other person in charge or control of the works, plant, machinery or appliances; the incompetence or negligence of any person in charge of, or directing the particular work in which the employee was engaged at the time of the injury or death; the incompetence or negligence of any person to whose orders the employee was bound to conform and did conform and by reason of his having conformed thereto the injury or death resulted; the act of any fellow-servant done in obedience to the rules, instructions or orders given by the employer or any other person who has authority to direct the doing of said act": Section 5.

It will be kept in mind that the first part of Section 1 of the act embraces "all owners, contractors, subcontractors, corporations or persons whatsoever." The use of the word "or," as last quoted, would seem to

indicate that for the recovery of damages sustained by a personal injury a several and not a joint liability was contemplated: *Koch* v. *Fox,* 71 App. Div. 288 (75 N. Y. Supp. 913). In the latter part of the section adverted to it will be remembered that ''all owners, contractors or subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to the employees or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb.'' It will be observed that, while the word ''or'' is understood to be used and employed between the phrase and words ''all owners, contractors or subcontractors,'' the word ''and'' immediately follows the latter word preceding the phrase ''other persons.'' The individuals thus referred to are the persons ''having charge of, or responsible for, any work involving a risk or danger to the employees or the public.'' From an examination of the entire act it is believed that the connective used between the word ''subcontractors'' and the phrase ''other persons'' should be ''or,'' thereby manifesting a legislative purpose to create a several and not a joint liability resulting from an injury to an employee, caused by the negligence of either of the persons designated, when engaged in the construction of any building.

In Section 2 of the act it is the manager, superintendent, foreman, or other person in charge or control of the construction of works or operation, or any part thereof, who shall be held to be the agent of the ''employer'' in all actions for damages for death or injury suffered by an employee. It is evident that an employer, whether owner, contractor, or subcontractor, who is engaged in the construction of a building is the only party defendant in an action to recover damages for a personal injury suffered by an employee while

engaged in the same branch of the service. This determination is obvious from the language of Section 5 of the act, to wit, "In all actions brought to recover from an employer for injuries suffered by an employee," etc.

In *Gibbons* v. *Chapin,* 147 Ill. App. 575, an action was brought against the owners of a building being constructed by an independent contractor for a personal injury alleged to have been caused by a violation of an ordinance of the city of Chicago, which municipal enactment was as follows: "It shall be the duty of all owners, contractors, builders or persons having control or supervision of all buildings in course of erection which shall be more than thirty feet high, to see that all stairways, elevator openings, flues, and all other openings in the floors shall be covered or properly protected." The plaintiff in that action having recovered a judgment, it was reversed on appeal; the court holding that if a person were injured upon premises in course of erection or repair the owner was not liable for the hurt, notwithstanding it was occasioned by negligence, if it appeared that such premises were in the possession of independent contractors, who were so constructing the same, and that the owner did not and was not exercising supervisory care or direction over such premises at the time of the accident.

In the case at bar the corporation was not Lawton's employer. It had no power to engage or discharge him, and though it issued checks in payment of the labor performed in driving the piling, the method adopted to liquidate these obligations was tantamount to accepting Davidson's orders, given to his employees, for the wages due them.

While the corporation's foreman directed where the piles should be driven and indicated where it was necessary to place one pile on the top of another, in

order to force them to the proper depths so as to furnish adequate support for the foundation, Davidson's mode and manner of doing the work was not interfered with in any way; nor was any supervision or control thereof exercised by the corporation. Though it was the general contractor which sublet a part of the work, it necessarily occupied the same relation to the plaintiff as the owners of the building, and since the latter took no part in superintending the performance of the pile-driving, they are not liable for the hurt, and for the same reason the corporation is not accountable to the plaintiff for an injury he suffered in consequence of Davidson's negligence. We consider, therefore, that this action cannot be maintained against the corporation as the general contractor, and that in refusing to instruct the jury as requested an error was committed.

The judgment of the Circuit Court should be reversed and the action dismissed; and it is so ordered.

REVERSED: ACTION DISMISSED.

Decided September 9, 1913.

ON PETITION FOR REHEARING.

(134 Pac. 1037.)

Opinion by MR. CHIEF JUSTICE McBRIDE.

The petition for rehearing presents no argument not urged in the able brief originally filed by respondent. The construction contended for by respondent would make the owner of a building in course of construction liable for any negligent act or omission of the contractor which might result in injury to an employee. It would be a forced and unfair construction of the law to hold that, when a citizen contracts with a person or corporation to build him a house or a barn for a stipu-

lated price, he should be held liable for the negligence of such contractor, resulting in injury to an employee. The plain intent of the law is to give the injured employee a remedy against his employer. Thus in Section 2 of the act it is declared: "The manager, superintendent, foreman, or other person in charge or control * * shall be held to be the agent of the employer," etc. In Section 5 we read: "In all actions brought to recover from an employer for injuries suffered by an employee," etc.—and in the same section: "Any defect in the structure, materials, works, plant or machinery of which the employer or his agent could have had knowledge," etc. Again, referring to those instances wherein the act of a fellow-servant is not a defense, we have this: "The act of any fellow-servant done in obedience to the rules, instructions, or orders given by the employer, or any other person who has authority to direct the doing of said act." The act is substantially quoted in the original opinion, and these excerpts indicate its intention was to create a liability as between employer and employee. Now plaintiff was not employed by defendants; neither had they any authority over him; and we would be compelled to read something into the law, that is not written there, to hold them liable.

The petition for rehearing is denied.

REHEARING DENIED.