## LEET, ADMINISTRATRIX, *v.* BLOCK ET AL.

[No. 22,382. Filed October 13, 1914.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Independent Contractor.*—Under the act of 1911 (§3862a *et seq.* Burns 1914, Acts 1911 p. 597), declaring that every employer or person managing or conducting any work of the character mentioned therein, shall, for the purposes thereof, be deemed conducting a dangerous occupation, and imposing on owners, contractors and subcontractors engaged in the construction of any building the duty of seeing that all rope, appliances, etc., are carefully selected and inspected, and that scaffoldings are properly constructed, etc., the duty to inspect or test is imposed upon the particular owner, contractor or subcontractor who has "charge of" or is "responsible for" the work, and hence an owner or contractor is not liable for injuries to an employe of an independent contractor resulting from the negligence of the latter. p. 273.

2. APPEAL.—*Review.—Answers to Interrogatories.*—In an action for the death of an employe, brought against the owner, contractor and subcontractor engaged in the construction of a building, it was error to sustain a motion for judgment on the jury's answers to interrogatories, on the theory that the death resulted from the negligence of an independent contractor, where such answers failed to show that such subcontractor was an independent contractor within the rule exempting an owner or contractor from liability. p. 276.

From Superior Court of Marion County (85,043); *Joseph Collier*, Judge.

Action by Anna Leet, as administratrix of the estate of Charles F. Leet, deceased, against William H. Block and

others. From the judgment rendered, the plaintiff appeals. *Reversed.*

*H. N. Spaan, Ralph M. Spaan* and *George W. Curtis*, for appellant.

*Elam, Fesler & Elam*, for appellees.

MORRIS, J.—Action for damages for the death of Charles F. Leet, against appellees William H. Block and Bedford Stone and Construction Company, and also against John Armond. The complaint alleges that Block was the owner of certain real estate in Indianapolis, and, in 1911 constructed a business block thereon; that said Block had complete and exclusive control of the construction of the building, and employed the defendants Bedford Stone and Construction Company and John Armond, to do certain parts of the work under contracts the terms of which are unknown to plaintiff; that plaintiff's decedent was employed by defendants on June 24, 1911, while the construction work was unfinished, to clean certain stone work on the building, which required him to work on a scaffold suspended by ropes; that one of the ropes broke causing the fall of the scaffold from the seventh story of the building and resulting in injuries which caused decedent's death; that the injury was caused by a defective rope, which was negligently provided by defendants, to support the scaffold. There was a verdict for plaintiff, accompanied with answers to interrogatories. Appellees, Block and Bedford company, each filed a motion for judgment *non obstante*, and for a new trial. Each motion for a new trial was overruled, but those for judgment on the answers to interrogatories were sustained and judgment was rendered in favor of plaintiff against the defendant Armond and in favor of Block and the Bedford company. Appellant assigns as error the sustaining of the motions for judgment on the answers to interrogatories. Appellees each assign as cross error the overruling of the motion for a new trial.

When the accident occurred there was in effect the act of March 6, 1911, relating to dangerous occupations. Acts 1911 p. 597, §3862a Burns 1914. Section 1 of the act provides that every employer or person managing or conducting any work of the character mentioned in the act, is, for the purposes thereof, conducting a dangerous occupation at the time of such occurrence. Section 4 of the act (§3862d Burns 1914) provides that "It is hereby made the duty of all owners, contractors, sub-contractors, * * * engaged in the * * * construction * * * of any building * * * to see and require that all * * * rope * * * appliances * * * contrivances * * * are carefully selected, inspected and tested, so as to detect and exclude defects and dangerous conditions, and that all scaffolding * * * and all contrivances used are amply, adequately and properly constructed * * *; and generally, it shall be the duty of all owners * * * contractors, sub-contractors and all other persons *having charge of or responsible for, any work* * * * involving risk or danger to employes * * * to use every device, care and precaution which it is practicable * * * to use for the protection and safety of life, limb and health * * * without regard to additional cost * * * the first concern being safety to life, limb and health." (Italics ours.) Section 5 (§3862e Burns 1914) makes it a misdemeanor to violate any provision of the act.

Appellee Block let the construction of the building to appellee Bedford Stone and Construction Company, but the terms of the contract are not set forth in the answers to interrogatories. The jury found specially that defendant Armond made a contract with the Bedford company for the cleaning of certain parts of the building, under which Armond was to furnish his own labor and material and do the cleaning for a lump sum of money; that Armond employed

decedent to work at the cleaning and paid his wages for his work; that Block was "indirectly" a party to the contract between the Bedford company and Armond. Counsel for appellees rely on the defense that the accident was caused by the negligence of Armond, an independent contractor. *Marion Shoe Co.* v. *Eppley* (1914), 181 Ind. 219, 104 N. E. 65. Appellant's counsel contend that the said act of 1911 renders such doctrine unavailable to appellees. In instructing the jury the trial court adopted appellant's theory and, by instructions Nos. 10 and 13, informed the jury that if Block let the contract for the erection of the building to the Bedford company and the latter sublet the cleaning to Armond, it was nevertheless the duty of Block and the Bedford company to test and inspect, for defects, the scaffold ropes used by the subcontractor. Afterwards, on presentation of appellees' motion for judgment *non obstante*, the court concluded that the act in question did not deprive appellees of the independent contractor defense, and sustained the motions. Each motion for a new trial assigned, as causes therefor, error in the giving of said instructions Nos. 10 and 13.

Does the act of 1911 impose on the owner and contractor such duties of testing and inspecting as to deprive each of them of the independent contractor defense? We are of the opinion that the question must be answered in the negative. The act evinces no legislative intent to impose a duty of testing and inspecting appliances except on the particular owner, contractor, or subcontractor who has "charge of" or is "responsible for" the work, etc., in question. While the act does materially change the common-law duties of the employer and impose on him greater obligations in relation to the safety of employes, it was not the legislative purpose to make the owner liable for an injury occurring to an employe of a contractor or subcontractor because of the latter's negligence, in cases where the owner lets a contract for the particular work, without reserving any control over the manner

of the work or the character of appliances used. It was the purpose of the enactment to fix a higher standard of care on the person having the particular work in charge, whether such person be owner, contractor, subcontractor or other person, but the language of the statute considered as a whole, precludes the theory of any intent to eliminate the doctrine of independent contractor.

In June, 1910, an initiative petition for an act was filed in the office of the secretary of state of Oregon, pursuant to the provisions of the constitution of that state. At the general election in November, 1910, the same was approved by the voters of the state, and became a law by proclamation of the Governor in December, 1910. General Laws of Oregon, 1911, p. 16. Section 4 of said act of 1911 is a substantial copy of §1 of the Oregon law. In *Tamm* v. *Sauset* (1913), 67 Or. 292, 135 Pac. 868, the supreme court of that state considered a case similar to this one, and in determining the effect of §1 of said initiative act on the common-law doctrine of independent contractor said: "To take up the case in hand, the employers liability act particularizes the class, such as owners, contractors, subcontractors, corporations or persons whatsoever *engaged* in certain activities shall see that the materials employed and the appliances used are carefully selected, inspected and tested, so as to detect any defects. The evident intent of the statute was to hold responsible, for personal injuries to an employe, only that member of the class enumerated who was engaged in the undertaking or enterprise embraced in the statute whereby the injury occurred. To conceive otherwise would be going wide of the rule established by this court in the case of *Lawton* v. *Morgan, Fliedner & Boyce* [1913], 66 Or. 292, 131 Pac. 314, 134 Pac. 1037. The initiative act does fix a high standard of care, a violation of which is negligence *per se,* but lays that care to the door of the person having the work in charge, and in consequence thereof the application of the enactment must be circumscribed to that

particular source from which or from whom authority and control of the instrumentalities and individuals emanate."

We are of the opinion that the court erred in instructions Nos. 10 and 13, given to the jury, because each proceeds on the erroneous theory that our act of 1911 abrogated

2. the common-law right of appellees Block and the Bedford company, to rely on the defense of independent contractor. However, in awarding judgment in favor of Block and the Bedford company, reversible error was committed, because the answers to interrogatories do not show with sufficient certainty that Armond was an independent subcontractor within the rule that permits of such defense by the owner and contractor. This proposition is practically conceded by counsel for appellees, who evidently assign cross errors because thereof. Judgment reversed with instructions to overrule appellees' respective motions for judgment on the answers to interrogatories and to sustain their motions for a new trial.

NOTE.—Reported in 106 N. E. 373. As to the liability of servants of independent contractor, see 26 L. R. A. 524. As to liability of master to contractors and their employes for negligence of latter, see 54 Am. Rep. 154. See, also, under (1) 26 Cyc. 1084; (2) 38 Cyc. 1930.