Motion to dismiss overruled January 13, on the merits argued September 9, affirmed September 22, 1914, rehearing granted and reargued, former opinion set aside and reversed and remanded January 12, 1915.

# FISHER *v.* PORTLAND RY., L. & P. CO.*

### (137 Pac. 763; 143 Pac. 992; 145 Pac. 277.)

**Appeal and Error—Notice of Appeal—Description of Judgment.**

1.   The notice of appeal required by Section 550, L. O. L., in order to give the Supreme Court jurisdiction, must describe the judgment or decree appealed from with reasonable certainty.

**Appeal and Error—Effect of Transfer of Cause—Jurisdiction of Trial Court—Amendment Nunc Pro Tunc.**

2.   Though the trial court is without jurisdiction to annul a judgment after the term at which it was rendered, it may make an entry after the term, and after an appeal has been taken from the judgment, as of the date of the original judgment, eliminating one of the defendants against whom no verdict was rendered.

**Appeal and Error—Dismissal—Grounds—Amendment of Judgment.**

3.   Where, after an appeal from a judgment, the trial court makes a *nunc pro tunc* entry in terms annulling the judgment and entering a new one but in effect only eliminating one of the defendants against whom no verdict was rendered, the appeal will not be dismissed on the ground that the judgment appealed from has been annulled; the *nunc pro tunc* entry showing the real determination of the cause as of the date of the original judgment.

**Master and Servant—Injuries to Servant—Relation of Parties.**

4.   Where the work to be performed by an independent contractor is dangerous, or the obligation rests on the employer to keep the subject of the work in safe condition, the general rule exempting the employer from liability for personal injuries to an employee of the contractor does not apply.

**Master and Servant—Injuries to Servant—Relation of Parties.**

5.   Where the defect which caused injury to an employee of an independent contractor results from the acts which the contractor

---

*The general question of the liability of the master for injury to servants of independent contractor is discussed in a note in 26 L. R. A. 524.   And as to the liability of the master to a servant for failure to provide independent contractor with safe appliance, see note in 1 L. R. A. (N. S.) 283.

As to the measure of damages for death, generally, see note in 17 L. R. A. 71.   And for the measure of damages for death in action under Federal Employers' Liability Act, see note in 47 L. R. A. (N. S.) 80.

REPORTER.

agreed and is authorized to do, the employer equally is liable for the injuries.

[As to duty of master to servant, see note in 75 Am. St. Rep. 591.]

**Master and Servant—Injuries to Servant—Relation of Parties.**

6. An employer who furnished a defective engine, which exploded and injured an employee of an independent contractor, is liable therefor.

[As to liability of master for injuries to servant by defective machinery, see notes in 77 Am. Dec. 218; 34 Am. Rep. 621; 98 Am. St. Rep. 289.]

**Death—Damages—Measure of Damages.**

7. The measure of recovery for death under Employers' Liability Act (Laws 1911, p. 17), Section 4, giving a right of action for death caused by a violation of the act, is the pecuniary loss sustained, and the jury may not consider as element of damages deprivation of comfort, society, support and protection.

From Multnomah: Henry E. McGinn, Judge.

This is an action by Roy Fisher, a minor, by Andrew J. Crafton, his guardian *ad litem,* against the Portland Railway, Light & Power Company, a corporation, and the Portland Water Power & Electric Transmission Company, a corporation. From a judgment for plaintiff, defendants appeal. Respondent moves to dismiss appeal.    Motion Denied.

*Messrs. Kimball & Ringo* and *Messrs. Seitz & Clark,* for the motion.

*Messrs. Griffith, Leiter & Allen* and *Mr. F. J. Lonergan, contra.*

Department 2. Mr. Justice McNary delivered the opinion of the court.

This is a motion to dismiss an appeal upon the premise that the judgment from which the appeal is taken was annulled by the trial court and a different judgment entered in lieu thereof. On April 17, 1913, a judg-

ment for $5,000 was docketed in the Circuit Court of
Multnomah County in favor of plaintiff and against de-
fendants.   The Portland Railway, Light & Power Com-
pany on July 3, 1913, filed its notice of appeal and
subsequently took steps necessary to perfect its rec-
ord in this court.   On August 29, 1913, the Circuit
Court, in the presence of the legal representatives of
the parties litigant, entered the following judgment:
"It appearing to the court that on the 17th day of
April, 1913, a verdict was returned by the jury in the
sum of $5,000 against the defendant Portland Rail-
way, Light & Power Company in the above-entitled
cause, and not against the Portland Water Power &
Electric Transmission Company.   It appearing to the
court that, through inadvertence and mistake, a judg-
ment was rendered and entered against both defend-
ants above named in said cause on said verdict for
the sum of $5,000 and $63.60 costs and disbursements,
and it further appearing to the court that said judg-
ment so rendered and entered on said verdict against
the defendant corporation above named should be
vacated and held for naught, and that a judgment
should be entered to conform with said verdict, to wit,
a judgment in the sum of $5,000 and costs and dis-
bursements taxed at $63.60 against the Portland Rail-
way, Light & Power Company, one of the defendants
above named: Now, therefore, it is considered, ordered
and adjudged that said judgment rendered and entered
on the 17th day of April, 1913, be and the same is
hereby annulled and held for naught; and it is further
considered, ordered and adjudged that the plaintiff
above named do have and recover of and from the de-
fendant Portland Railway, Light & Power Company
the sum of $5,000 and his costs and disbursements in

this action taxed at $63.60, and that execution issue therefor, and that this order be entered *nunc pro tunc* as and of the 17th day of April, 1913.'' From this judgment no notice of appeal was given.

1. The record before us is supported solely by the original judgment under date of April 17, 1913. By the exactment of Section 550, L. O. L., the serving and filing of a notice of appeal is an act prerequisite to this court acquiring jurisdiction. Not only must notice be given as required by the statute, but the contents thereof must describe with reasonable certainty the judgment or decree from which the appeal is taken.

2, 3. In a consideration of this motion it must be borne in mind that the judgment enrolled August 29, 1913, was after the expiration of the term wherein the original judgment was entered, and as a consequence thereof the trial court was without jurisdiction to annul the judgment entered April 17, 1913. While the court used the expression that the original judgment was ''annulled and held for naught,'' subsequent language shows that the order was only *nunc pro tunc* in character. All the court professed to do by the last order was to eliminate one of the defendants and thereby relieve it from the burden of the first judgment. This the court had a right to do by the entry of the judgment of August 29, 1913, as and of April 17, 1913, so that the latter order would reflect the truth of the record which by inadvertence was omitted from the primal judgment: *Grover* v. *Hawthorne,* 62 Or. 65 (116 Pac. 100, 121 Pac. 804); *Frederick & Nelson* v. *Bard,* 66 Or. 259 (134 Pac. 318). Therefore, on principle, the only judgment which speaks the final determination of the rights of the parties as adjudged

by the lower court is the one from which this appeal is taken under date of April 17, 1913.

Wherefore the motion to dismiss is overruled.

MOTION OVERRULED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.

---

Affirmed September 22, 1914.

ON THE MERITS.

(143 Pac. 992.)

Department 2.   Statement by MR. JUSTICE EAKIN.

This is an action by the minor son of the deceased for the death of John C. Fisher. It is alleged that the defendants owned and were operating a sawmill in Clackamas County, and that Pittman Bros. were employed to deliver and were delivering logs at said sawmill; that John C. Fisher was employed by them to aid in the delivery of said logs; that said Pittman Bros. used a donkey-engine in connection with the said work, and that said John C. Fisher was employed about the said donkey-engine. After alleging that said engine was old and worn and of insufficient strength to withstand the steam pressure, it alleges that the boiler thereof exploded, by which explosion the said John C. Fisher was killed; that the plaintiff is an only child and heir, and sues for $10,000 damages.

The answer is a general denial. After trial the jury rendered a verdict in favor of the plaintiff for the sum of $5,000 against the defendants, and the defendant Portland Railway, Light & Power Company appeals.                                        AFFIRMED.

For appellants there was a brief over the names of *Messrs. Griffith, Leiter & Allen* and *Mr. F. J. Lonergan,* with an oral argument by *Mr. Rufus A. Leiter.*

For respondent there was a brief over the names of *Mr. Maurice W. Seitz, Mr. Ernest R. Ringo* and *Messrs Graham, Davis & Young,* with oral arguments by *Mr. Seitz* and *Mr. Ringo.*

MR. JUSTICE EAKIN delivered the opinion of the court.

4. There are a great many assignments of error, nearly all of which grow out of the question as to whether Pittman Bros. were independent contractors for the delivery of the logs, and as to whether, notwithstanding that fact, defendants were liable for the death of John C. Fisher, who was an employee of the Pittmans. The general rule is that the employer is not liable to an employee of the contractor for personal injuries received in the employment. There is an extended note to the case of *Salliotte* v. *King Bridge Co.,* 58 C. C. A. 466 (122 Fed. 378, 65 L. R. A. 620), on this subject, tracing down for more than a century the history of the development of the rule that the employer is not liable. There is also a discussion of the subject in 1 Thompson, Negligence, Section 622, and a full note in *Covington etc. Bridge Co.* v. *Steinbrock,* 76 Am. St. Rep. 375, at page 382. The latter states, as a conclusion of the discussion and review of the cases, the rule of liability of the employer thus:

"While the contractor alone, and not his employer, is generally liable in cases where work is carried on under an independent employment, this rule of liability is limited to those injuries which are collateral to the work to be performed, and which arise from the

negligence or wrongful act of the contractor or his agents or servants.   Acts 'collateral' to the work contracted for are to be distinguished from those which the contractor expressly agrees and is authorized to do, and from which injury directly results.''

Where the work to be performed is dangerous, or the obligation rests upon the employer to keep the subject of the work in safe condition, the rule has no application: *Circleville* v. *Neuding,* 41 Ohio St. 465, 469; *Hexamer* v. *Webb,* 101 N. Y. 377 (4 N. E. 755, 54 Am. St. Rep. 703); *Hundhausen* v. *Bond,* 36 Wis. 29; *Mayor* v. *McCrary,* 84 Ala. 469 (4 South. 630); *Benjamin* v. *Metropolitan St. Ry. Co.,* 133 Mo. 274 (34 S. W. 590).

5. Where the obstruction or defect which occasions the injury results from the acts which the contractor agreed and is authorized to do, the person who employs the contractor and authorizes him to do the act is equally liable to the injured party: *Davie* v. *Levy,* 39 La. Ann. 551 (2 South. 395, 4 Am. St. Rep. 225).

''Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party'': *Robbins* v. *Chicago City,* 4 Wall. 679 (18 L. Ed. 427).

6. In the case before us, if there was any negligence it was in using a defective engine.   The injury was a result of the doing of the acts the principal authorized to be done, and not in the doing of any collateral thing. Defendants furnished the contractors the engine that exploded.   The only suggestion of negligence was in

using the defective engine, which was chargeable to defendants, and to defendants only. The work the contractors were employed to perform was the delivery of the logs at the mill by means of that engine, and the injury did not grow out of any collateral matter, but from the very act defendant employed the contractor to perform, and for which, by all the authorities, defendants were responsible, even if done by an independent contractor. This ruling does not conflict with the decision in *Lawton* v. *Morgan Fleidner & Boyce,* 66 Or. 292 (131 Pac. 314, 134 Pac. 1037). The opinion in that case begins by stating that by the common law the defendant was not liable, and proceeds to discuss whether or not it was made liable by the 1910 Employers' Liability Act. The subsequent reasoning of that case shows only that our Employers' Liability Statute of 1910 does not apply to such an employer, who is not liable under the common law. It does not discuss the liability of the employer. The statute does not change the common-law rule of the liability of the independent contractor. In the case of *Giaconi* v. *Astoria,* 60 Or. 12, at page 36 (118 Pac. 180), at page 184), Mr. Justice BURNETT treats this subject at length, in which he says, among other things:

"The general rule is that an employer is not liable for the acts of an independent contractor, for the reason that the latter is not subject to the control of the employer. To this rule, however, there are certain well-recognized exceptions. Among these exceptions are cases in which the injuries are the necessary consequence of executing the work in the manner provided for in the contract. * * In the apt words of Lord Chief Justice Campbell, in *Elliott* v. *Sheffeld Gas Co.,* 2 E. & B. 767, ' the contractor does the thing which he is employed to do, the employer is responsible for that thing, as if he did it himself.' "

If defendants had been operating the engine themselves and injury had resulted, they, no doubt, would have been liable, and they were none the less liable when they placed the same in the hands of another for operation.

Although we do not approve of all the statements of the trial judge on the admission of some of the evidence, some of them might have had a tendency to influence the jury. As in the view we have taken of the main question the other matters are not prejudicial, we will not consider them.

The judgment is affirmed.                    AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE McNARY concur.

---

Former opinion set aside and reversed January 12, 1915.

## ON REHEARING.

### (145 Pac. 277.)

In Banc. MR. JUSTICE BENSON delivered the opinion of the court.

7. There are a great many assignments of error, but upon the rehearing only two were seriously pressed for the consideration of the court:

(1) That the trial court erred in giving instruction No. 11, which contains the following language:

"But you may consider as an element of damage the fact that he is deprived of the comfort, the society, the support, and of the protection of his father—those are elements which go with the pecuniary damages which he may have sustained."

(2) That the trial court erred in denying defendants' motion for a nonsuit.

In considering the language referred to in the instruction challenged, it is not necessary to go into any extended discussion of the question raised, for the reason that a recent case decided by this court (*McFarland* v. *Oregon Electric Ry. Co.*, 70 Or. 27 (138 Pac. 458) has declared what we believe to be the correct doctrine, and sustained by the great weight of authority. In this case Mr. Justice MOORE, in a well-considered and exhaustive opinion, concludes the matter in these words:

"Under a statute like Section 4 of the Employers' Liability Act of Oregon [Laws 1911, p. 16], which creates a new cause of action, and does not revive a right, the rule is almost universal that the measure of the recovery in case of death is the pecuniary injury sustained, and that loss of society of the deceased does not constitute an element of the damages."

Consequently the instruction as given was erroneous, and necessitates a reversal of the judgment.

This assignment of error was not referred to in appellant's original brief, and was not seriously presented to the court until raised upon the petition for rehearing. It may also be worthy of note that the case of *McFarland* v. *Oregon Electric Ry. Co.*, 70 Or. 27 (138 Pac. 458), was not decided by this court until after trial of the case at bar in the lower court.

Since the case must go back for a new trial, because of the error already discussed, it is unnecessary to consider the other assignments of error. It may be remarked, however, that the question as to whether or not the trial court should have granted defendants' motion for a nonsuit is a close one, but, as this is a matter that goes to the sufficiency of the evidence, we

are not prepared to say that upon another trial the evidence would be equally uncertain.

The judgment should be reversed and the cause remanded for a new trial.

FORMER OPINION SET ASIDE.

REVERSED.   REHEARING DENIED.