Baxter *v.* Lusher.

---

## Baxter *v.* Lusher et al.

[No. 19,555.   Filed November 6, 1902.]

Master and Servant.—*Carpenter.*—*Safe Working Place.*—*Contributory Negligence.*—Plaintiff, being a man of mature years, weighing 160 pounds, of extended experience as a house builder, and with good eyesight, went upon an unfinished building, and without direction or advice of his employer walked upon two by six unbridged joists, fourteen feet long, which he knew were designed only to support the laths and plaster forming the ceiling of the chamber below. A defect in one of the joists caused it to break, precipitating plaintiff to the floor below. *Held,* that plaintiff was guilty of contributory negligence, and could not recover for injuries sustained. *pp. 383-385.*

Appeal.—*Instructions.*—*Harmless Error.*—A judgment will not be reversed for errors in the giving of instructions, when, under the facts disclosed by the record, the appellant, who was plaintiff in the trial court, could not have recovered in any event. *p. 385.*

From Elkhart Circuit Court; *H. D. Wilson,* Judge.

Action by Joseph R. Baxter against Frank Lusher and others. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*R. M. Johnson, J. D. Osborne, Anthony Deahl* and *B. F. Deahl,* for appellant.

*William Theis, O. T. Chamberlain* and *P. L. Turner,* for appellees.

HADLEY, J.—Action to recover damages for injuries resulting from the alleged negligence of appellees. The latter were constructing a house, and after they had the frame up to the square, and the ceiling or upper joists on, they employed appellant, an experienced and skilled carpenter, to put on the roof joists. Nothing was said at the time of employment or afterwards by either party about how appellant should be supported, or what he should stand on while engaged in constructing said roof joists. The ceiling joists already in place were two by six inches by fourteen feet long, and spaced sixteen inches from center to center. Appellant ascended to the top of said ceiling joists, and entered upon the work of putting up said roof joists, by standing and walking on said ceiling joists; and, while so engaged, one of the latter joists, that had a knot traversing and severing the fiber, broke with appellant's weight, and precipitated him to the floor below, whereby he received injuries of which he complains.

The same facts are pleaded in different forms in four paragraphs. The negligence charged in the first is the failure of appellees to furnish appellant with a safe place in which to work; in the second the placing among the ceiling joists, whereon appellant was ordered to work, one that was defective, weak, and worthless; in the third the erection of a weak and insecure scaffold in the building, and directing appellant thereon to work; and in the fourth the same as the third. A demurrer was sustained to the first and second and overruled to the third and fourth paragraphs. Trial

by jury, and a general verdict and answers to interrogatories in favor of appellees.

The assignment challenges the action of the court in sustaining appellees' demurrer to the first and second paragraphs of the complaint, and in overruling appellant's motion for a new trial. As grounds for a new trial, appellant insists that the court erred in giving to the jury each of seven instructions requested by appellees, and of four given on the court's own motion. We have examined the instructions complained of and find some of them radically bad and others unfortunately phrased; but, under the view of the case we are compelled to take by the findings of the jury, there appears to be no useful purpose to be attained by entering upon their review.

The facts disclosed by the jury's answer to interrogatories follow: The plaintiff was forty-three years of age, weighed 160 pounds, in full possession of all his faculties, and with twenty years' experience in house building at the time he was injured. When he commenced work on the appellees' building the frame was up to the square, and the ceiling joists,—designed only to support the laths and plaster, and no floor, and which were two by six inches, by fourteen feet long,—were in place, and sixteen inches from center to center, and unbridged. Some boards one by six, to one by ten, twelve feet long, were lying about loosely on the ceiling joists. Defendants employed the plaintiff to put up the roof joists, and gave him no instructions or advice as to the character of the footings that should be prepared or used to stand and walk on while engaged in the work. Plaintiff, pursuant to his employment, ascended to the top of the ceiling joists, and when he so ascended it was light and he could plainly see said joists before and as he went upon them. He could also see the loose boards lying scattered about on top the joists, and without instructions from any one, and of his own volition, walked about and worked on said ceiling joists while engaged in putting

up said roof joists. When he had been so employed about three hours, while walking on said joists, and not in the exercise of due care for his safety, one of them, traversed near the center length by a knot which severed most of the fiber, broke with the plaintiff's weight, whereby he was precipitated about fourteen feet to the floor below, and injured. The defendants had no knowledge of the defect in said joists. The defect was open and obvious. The plaintiff had better opportunity than the defendants to see it, and the plaintiff might have seen it by the use of ordinary diligence, had he looked. The plaintiff could have taken the loose boards lying upon the joists, and, by placing them in a proper position, have stood and walked upon them at his work with safety, and by the use of ordinary care he would have avoided injury.

Here, then, we have an instance where the plaintiff, being a man of mature years, weighing 160 pounds, of extended experience as a house-builder, and with good eyes, went upon a building, and without direction or advice of his employer so to do, and without the exercise of ordinary care for his safety, walked and worked upon two by six, unbridged joists, fourteen feet long, which he knew were designed only to support the laths and plaster forming the ceiling of the chamber below, stepping from one to the other without using his eyes to see a defect that rendered one of the joists unsafe as a support, and which was plainly apparent, and without availing himself of the use of boards, conveniently near, with which he might have made his working place safe, and thereby avoided the injury for which he sues. Moreover we are informed that appellees were ignorant of the defective joist; that appellant's opportunity for discovering it was better than that of appellees', and that appellant might have seen it before stepping on to it, if he had looked.

An employer does not become an insurer of the safety of his employe. He is only required to observe due care,

Baxter *v.* Lusher.

under the circumstances of the particular case, in furnishing a safe place to work, and without reference to whether the employer does or not discharge his duty in this respect, it is nevertheless the constant duty of the employe to bo on the lookout for himself, and to avoid whatever injury he may by the exercise of reasonable caution. There is no rule of law that we know of that will excuse a person under any circumstances from the use of his senses for his personal safety. At all times, and in all places of peril ho must keep his eyes open, and heed what he sees that threatens bodily harm, without reference to the source of the danger; and if he neglects to do so, as a general rule, he must take the consequences. It would be a harsh rule that would require an unblamable employer, who had no knowledge, and was not chargeable with notice of a recently occurring danger in the working place, to respond in damages for an injury thereby to one who negligently either closed his eyes, or, seeing, did not heed that which it was his duty to avoid.

Under the facts disclosed, appellant could not have recovered under either paragraph of his complaint, or under any instructions that might have been given to the jury. He was therefore not damaged by the sustaining of the demurrer to the first and second paragraphs of his complaint, or by the giving of erroneous instructions to the jury. A bad instruction is good enough for a bad case. *Dickey* v. *Shirk,* 128 Ind. 278, 287; *Cline* v. *Lindsey,* 110 Ind. 337, 348; *Sievers* v. *Peters Box, etc., Co.,* 151 Ind. 642, 662; *Roush* v. *Roush,* 154 Ind. 562, 573.

Judgment affirmed.