Argued January 15, decided January 28, 1913.

## LEFFINGWELL *v*. LANE COUNTY.

(129 Pac. 538.)

**Highways—Road Tax—Meeting on Notice by Taxpayers—Statutes.**

1. Laws 1909, p. 295, amending Laws 1903, p. 272, Sec. 34 (Section 6320, L. O. L.), which empowered the county court to levy a tax of a certain amount on all the property of the county to be set aside as a general road tax by making an addition thereto (Section 6321) empowering the taxpayers of any road district to vote an additional tax for road purposes, provided 10 per cent of such taxpayers give notice by posting in certain public places and publishing in a weekly newspaper a notice signed by such 10 per cent, giving notice of time, place, and object of said meeting, is so defective as to be invalid, it not directing whether notice be given before or after the meeting, not expressly authorizing the taxpayers to call such a meeting, not specifying the length of time notice shall be given, and not prescribing a method of proving notice was given, or that the persons participating in the meeting were taxpayers.

**Highways—Road Tax—Levy by Meeting of Taxpayers—Certificate by Officers of Meeting.**

2. The certificate by the chairman and secretary of a meeting of taxpayers of a road district held under Laws 1909, p. 295 (Section 6321, L. O. L.), on notice by taxpayers of the levy of an additional road tax is insufficient to render the tax enforceable; it not showing, or being accompanied by proof of, the levy

by a proper resolution spread on the minutes, or the giving of the notice, as required by Sections 6384, 6387, and 6390 in case of meeting under Section 6384 on notice by the road supervisor at petition of freeholders.

From Lane: LAWRENCE T. HARRIS, Judge.

Statement by MR. JUSTICE BURNETT.

The plaintiff, Madalon Leffingwell, is the owner in fee simple of a quarter section of vacant land in road district No. 2 of Lane County, Oregon, and brings this suit against the county, the county judge, the commissioners, and sheriff to quiet her title against any claim by the defendants in their official capacity in the enforcement of a tax, the levy of which is said to have been attempted by the taxpayers of said district in December, 1910. She avers payment by her in full prior to the commencement of this suit of all other taxes of every kind charged against her land mentioned on the assessment roll of that year, and says that the county. court of the defendant county never levied on that roll any tax of any kind except what she has already paid as stated. Her complaint contains these allegations:

"That on the 20th day of December, 1910, there was filed in the office of the clerk of Lane County a certificate of taxpayers' road district meeting in words and figures as follows:

" 'To E. U. Lee, County Clerk of Lane County, Oregon: We, the undersigned duly elected chairman and secretary of the taxpayers' meeting of road district No. 2 of Lane County, Oregon, held on the 17th day of December, 1910, at the hour of 1 o'clock p. m. of said day for the purpose of voting upon the question of levying an additional tax upon the taxable property of said district for the purpose of improving the roads in said district, do hereby certify that at said meeting the taxpayers of said road district by a majority vote of the taxpayers present at said meeting voted to levy an additional tax of seven mills on each dollar of the taxable property of said district to improve the roads of said district. Dated this 17th day of December, 1910. Glen O. Powers, Chairman. Chester E. Edwards, Secretary.'

"That no additional paper in reference to said taxpayers' meeting, the calling of the same, the giving of notice thereof, or what was done thereat has been at any time filed or of record with any officer of said Lane County or any department of its government. That the meeting mentioned was not called by the supervisor of said district, but was called by persons claiming to constitute more than 10 per cent of the taxpayers of said district who caused notice of said taxpayers' meeting to be posted in three places in said district and to be published for three weeks prior to said meeting in the Eugene Twice-a-Week Register, a paper of general circulation, printed and published at Eugene, Oregon."

She alleges that, solely by authority of the certificate quoted, the county clerk extended upon the assessment roll of 1910 the tax mentioned in the certificate, that the tax roll has been placed in the hands of the defendant sheriff for the collection and enforcement of the taxes, and that the defendants and all of them claim that the said taxpayers' road district levy appearing upon the roll is a valid and subsisting lien upon the plaintiff's land, and the sheriff threatens to enforce the same by the usual method for collecting taxes. On a general demurrer to this complaint a decree was passed dismissing the suit, and the plaintiff appeals.        REVERSED.

For appellant there was a brief and an oral argument by *Mr. S. D. Allen.*

For respondents there was a brief over the names of *Messrs. Potter & Bryson,* with an oral argument by *Mr. Edwin R. Bryson.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. In 1903 the legislative assembly passed an act on the subject of roads and highways designed to supersede all previous legislation on that subject. Laws 1903, p. 262. Section 34 of that act compiled as Section 6320, L. O. L., empowered the county court to levy a tax of

not exceeding 10 mills on the dollar on all taxable property of the county at the time of making the annual tax levy on the previous year's assessment which should be set aside as a general road fund, one-half to be apportioned among the several road districts according to the amount of taxable property in each and the remainder to be kept in the general county road fund. Other sections of the act provided for calling district road meetings and defined their powers. So far as deemed material they are here set out:

"Whenever three freeholders of any road district in this State shall petition the road supervisor of such district to call a district road meeting of the legal voters of the district and shall state in such petition the object for which the meeting is desired, the supervisor shall cause written notices of such meetings stating the objects thereof and the time and place of holding the same and signed by himself to be posted in three public places in the district at least ten days before the day appointed for the meeting and the said supervisor shall make due proof of the giving of such notice by affidavit, which proof together with the petition calling for the meeting shall be filed with the secretary of the meeting and shall become a part of the minutes thereof." Section 6384, L. O. L.

"District road meetings legally called shall have power to determine what, if any, county roads or portions thereof of the road district shall be improved in any special manner and to determine the extent and character of the improvement or improvements they shall make thereon * * and shall have power to levy a special tax not to exceed ten mills on the dollar upon all the taxable real and personal property of the district for the purpose of raising money with which to defray the expense of such special improvement or improvements. * * " Section 6386, L. O. L.

"If any road district in this State shall determine to specially improve any county road or roads or portions thereof in such district and to levy a special tax to defray the expense thereof as provided in the last preceding section they shall do so by proper resolution describing

therein the road or roads or portions thereof they wish to improve, giving the initial and terminal points of the desired improvements * * and also the rate of tax levied, which resolution shall be signed by the chairman and secretary of the meeting and transmitted to the county court by its next regular meeting following and shall also be spread upon the minutes of the district road meeting." Section 6387, L. O. L.

"The county road supervisor shall be *ex officio* chairman of all road district meetings of the district to which he belongs and in case of his absence or inability to act the meeting shall proceed to elect a temporary chairman from among their own members who shall be a legal voter of the road district holding the meeting and they shall also elect a competent secretary whose duty it shall be to keep the minutes of the meeting which minutes shall be submitted to the chairman of the meeting for his approval or correction and as so approved or corrected shall be signed by the chairman and secretary and certified by the chairman of the meeting, shall be transmitted to the clerk of the county court who shall preserve it on file with the other records of such road district." Section 6390, L. O. L.

In 1909 the legislative assembly amended Section 34 of the original act by making an addition thereto which appears in codification as Section 6321, L. O. L., as follows:

"The taxpayers of any road district in any county of this State may vote an additional tax for road purposes, providing that at least ten per cent of the taxpayers of said district shall give notice by posting notices in three public places in said road district and one in court house, and publish one notice three weeks in one weekly newspaper of general circulation, signed by at least ten per cent of the taxpayers of said road district, giving time, place and object of said meeting, which meeting shall be held in the month of December, and at the time of said meeting it shall be organized by the election of a chairman and a secretary, and at such meeting they may, by a majority vote of such taxpayers, levy such additional tax as they may deem advisable to improve the roads of said district, and if a tax be levied it shall be the duty of said

chairman and secretary to certify to the county clerk of such county, prior to January 1, the levy so made by the taxpayers of said district, and the county clerk shall compute and extend said levy on the assessment roll for that year the same as other taxes are extended, and it shall be the duty of the tax collector to proceed to collect said taxes in money the same as any other taxes are collected, and turn the same over to the county treasurer in the same manner and at the same time as he pays over other taxes collected by him, and shall be credited and kept by the treasurer to the account of the road district making such levy."  .

It is surmised that the proceedings of which the plaintiff complains were undertaken by virtue of the amendment just quoted.  In the case of *Hood River Lumbering Co.* v. *Wasco County,* 35 Or. 498, 512 (57 Pac. 1017, 1021), Mr. Justice BEAN, quoting with approval the language of Mr. Justice EARL in *Stuart* v. *Palmer,* 74 N. Y. 183 (30 Am. Rep. 289), says: ˙ "The constitutionality of a statute must be determined by what can be done under it and not by what actually takes place."  Adverting to the terms of Section 6321, L. O. L., we observe that it does not direct whether notice be given prior or subsequent to the meeting; that it does not in express terms authorize the taxpayers to call such a meeting; that it does not specify the length of time for which notice shall be given; and, finally, that it does not in any manner prescribe a method of proving that notice has been given or that the persons participating in the meeting are taxpayers.  For all that appears in the statute last quoted nonresident owners of land liable to be taxed in any road district might with impunity style themselves secretary and chairman of an imaginary meeting as set forth in the certificate quoted, execute such a document, send it to the county clerk, and afterwards give the notices mentioned in the section, all within the letter of the law.

2.  Further, this amendment, being part of the general act of 1903, must be construed, if possible, in har-

mony with the other provisions of that legislation. Giving to the later enactment the utmost force arising from a liberal construction of its terms, at best it only provides for a manner of calling a district meeting in addition to that prescribed in Section 6384, L. O. L., upon the petition of three freeholders addressed to the supervisor. It may be conceded, also, that a new provision has been interpolated into the statute providing for the election of a chairman and a secretary to the exclusion of the supervisor as the presiding officer of the district road meetings. Otherwise the regulations respecting the conduct of meetings and the authentication of their proceedings remain unchanged. Nothing appears to supersede the provisions of Section 6387 providing that the determination of the meeting to levy a special tax shall be by proper resolution which shall be spread upon the minutes of the district road meeting, which minutes under the provisions of Section 6390, L. O. L., shall be transmitted to the clerk of the county court to be preserved on file with the other records of the road district. As said by Mr. Justice Moore in *Vaughn* v. *School District,* 27 Or. 57, 64 (39 Pac. 393, 395), quoting with approval the language of Mr. Justice Campbell in *Moser* v. *White,* 29 Mich. 59: "The evidence of the levy of a tax must therefore affirmatively appear from an inspection of the record of the meeting of the electors or their representatives in making the same and parol testimony is not admissible to aid, vary or contradict it." *Hecht* v. *Boughton,* 2 Wyo. 385; *Cardigan* v. *Page,* 6 N. H. 182; *Farrar* v. *Fessenden,* 39 N. H. 268; *Paul* v. *Linscott,* 56 N. H. 347; *Andrews* v. *Boylston,* 110 Mass. 214; *Hilton* v. *Bender,* 69 N. Y. 75.

Section 6384 provides for the proof of giving the notice, and the petition calling for the meetings, both of which shall become a part of the journal of such assembly. The minutes of a meeting containing such elements, to-

gether with a resolution levying the tax when transmitted to the county clerk, will furnish information to that officer that all the provisions of the statute in question have been complied with in the levy of the tax. Although loosely drawn, the general purpose of the statute is not only to provide for notice, but also proof of the same, so that a memorial may exist on file in the office of the county clerk exemplifying the proceedings culminating in the levying of the tax, to the end that any one aggrieved thereby may examine the record to determine his course in protection of his rights. In good reason there should not only be due process of law notifying the property holder beforehand of the intention to levy a burden on his holdings, but there should also be a record to prove the same. This the statute has required, and documentary proof of it is essential to the validity of a tax levied in pursuance of its terms. If this is not a sound principle, then would the imposition of a tax be made to depend upon exceedingly loose methods operated by persons without any official authority or responsibility. The amendment of 1909 is defective, in that it does not expressly provide for the calling of a meeting. It does not specify whether the notice shall be given prior or subsequent to the meeting nor the length of time during which notice shall be extant. Moreover, the certificate quoted does not show that notice has been given, or that the taxpayer has an opportunity to be heard in opposition to the proposed burden. The action of such a meeting, if valid, is final, as there is no subsequent time or opportunity accorded by the statute to the land owner to combat the levying of the tax.

Other questions were presented at the argument, but we deem it unnecessary to consider them. It was error to sustain the demurrer to the bill.

The decree is reversed, and the cause remanded for further proceedings.     REVERSED.

MR. JUSTICE BEAN dissents.