Argued June 30, decided July 8, 1913.

# LINN & LANE TIMBER CO. *v.* LINN COUNTY.

(133 Pac. 347.)

**Highways—Road Tax—Statutes.**

Section 6321, L. O. L., provides that the taxpayers of any road district may vote an additional tax for road purposes, providing at least 10 per cent of the taxpayers shall give notice by posting in three public places, etc., and shall publish one notice in a weekly

newspaper, giving the time, place and object of said meeting, which meeting shall be held in December, and that said meeting shall be organized as provided, and at such meetings the taxpayers may levy such additional tax as they may deem advisable, and if a tax be levied it shall be the duty of the chairman and secretary to certify to the county clerk the levy so made, who shall extend it on the assessment-roll, and the tax collector shall collect the taxes the same as other taxes, and turn the amount over to the county treasurer. *Held*, that the statute was so indefinite as to be invalid, in that it did not direct further notice to be given before or after the meeting, or expressly authorize the taxpayers to call the meeting, or require that the persons participating therein be taxpayers, or specify the length of time notice should be given, or prescribe a method of proving notice.

From Linn: WILLIAM GALLOWAY, Judge.

This is a suit by the Linn & Lane Timber Company, a corporation, against the County of Linn, and D. S. Smith, as sheriff of the County of Linn. The facts are fully set forth in the opinion.

REVERSED AND DECREE RENDERED.

For appellant there was a brief and an oral argument by *Mr. A. C. Shaw.*

For respondents there was a brief over the names of *Mr. Gale S. Hill* and *Mr. John McNary*, with an oral argument by *Mr. Hill.*

MR. JUSTICE BURNETT delivered the opinion of the court.

This is a suit to restrain the defendant county and its sheriff from any attempt to enforce collection of a special road tax, the levy of which is said to have been attempted by some of the taxpayers of road district 23, in Linn County, upon plaintiff's real property situated therein, and to procure a cancellation of the attempted levy and the extension thereof on the county tax-rolls, on ground that the same constitute a cloud upon plaintiff's title to the realty involved.

The proceedings in question appear to have been conducted under Section 6321, L. O. L., reading thus:

"The taxpayers of any road district in any county of this state may vote an additional tax for road purposes, providing at least 10 per cent of the taxpayers of said district shall give notice by posting notices in three public places in said road district, and one in courthouse, and publish one notice three weeks in one weekly newspaper of general circulation, signed by at least 10 per cent of the taxpayers of said road district, giving the time, place, and object of said meeting, which meeting shall be held in the month of December, and at the time of said meeting it shall be organized by the election of a chairman and secretary, and at such meeting they may, by a majority vote of such taxpayers, levy such additional tax as they may deem advisable to improve the roads of said district, and if a tax be levied it shall be the duty of said chairman and secretary to certify to the county clerk of such county, prior to January 1st, the levy so made by the taxpayers of said district, and that the county clerk shall compute and extend said levy on the assessment-roll for that year the same as other taxes are extended, and it shall be the duty of the tax collector to proceed to collect said taxes in money the same as any other taxes are collected, and turn the same over to the county treasurer in the same manner and at the same time he pays over other taxes collected by him, and shall be credited and kept by the treasurer to the account of the road district making such levy."

The present litigation is controlled by the rule laid down by this court in *Leffingwell* v. *Lane County,* 64 Or. 144 (129 Pac. 538), construing this section of the code, and holding that it is so indefinite as to be invalid, in that it does not direct whether notice is to be given before or after the meeting, does not expressly authorize the taxpayers to call such a meeting, does not specify the length of time notice shall be given, and does not prescribe a method of proving

that notice was given, or that the persons participating in the meeting were taxpayers.

The decree of the Circuit Court, dismissing the suit, is reversed, and one here entered granting the plaintiff relief according to the prayer of its amended complaint.        REVERSED AND DECREE RENDERED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.