Submitted on briefs without argument September 2, decided September 9, 1913.

# MENASHA WOODENWARE CO. *v.* COOS COUNTY.

(134 Pac. 1037.)

**Statutes—Validity—Certainty of Provisions.**

1.  Section 6321, L. O. L., relating to roads and highways, special taxes therefor, etc., and providing for the voting of an additional tax by the taxpayers of any road district of any county, is void for uncertainty.

**Statutes—Validity of Provisions—Certainty and Definiteness.**

2.  Laws of 1913, page 611, is entitled "An act to amend Section 6321, Lord's Oregon Laws, relating to roads and highways," and Section 1 amends Section 6321, L. O. L.  Section 2 provides that all taxes heretofore levied under Laws of 1909, page 297, are validated, notwithstanding any formal defects in the law providing for same.  Laws of 1909, page 297, does not relate to the levying of taxes, but to the treatment of tuberculosis patients.  *Held*, that Section 2 is void for uncertainty since curative statutes are to be construed strictly.

From Coos: JOHN S. COKE, Judge.

Department 1.  Statement by MR. JUSTICE RAMSEY.

This is a suit by the Menasha Woodenware Company against Coos County, Road District No. 6 of said county, James Watson, county clerk of Coos County, and W. W. Gage, as sheriff and tax collector of Coos County, Oregon, and was brought to obtain a decree declaring illegal an attempted special road tax levied in Road District No. 6 of Coos County, for the improvement of county roads in said district, on December 4, 1912, and enjoining the collection of said tax.

The court below overruled the plaintiff's demurrer to the answer of the defendants.  The plaintiff not desiring to reply, the court dismissed the suit, and entered a decree against the plaintiff for costs and disbursements.  The plaintiff appealed, and assigns as

errors the overruling of the demurrer to the answer and the dismissal of the suit, etc. Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).

REVERSED.

For appellant there was a brief over the names of *Mr. John D. Goss* and *Mr. J. C. Kendall.*

For respondents there was a brief over the names of *Mr. George M. Brown* and *Mr. Lawrence A. Liljeqvist.*

MR. JUSTICE RAMSEY delivered the opinion of the court.

This is a suit in equity to obtain a decree declaring illegal and void a special road tax of five mills on the dollar, which certain voters of Road District No. 6 of Coos County attempted to levy by a vote, on December 4, 1912, upon the assessable property of that road district for the improvements of county roads in said district. They attempted to levy said road tax, under Section 6321, L. O. L. The plaintiff in its brief urges several points to obtain a reversal of said decree, but it will not be necessary to examine any point, excepting as to the validity of said Section 6321, L. O. L., and as to whether proceedings thereunder have been validated. If that section is invalid, all proceedings based on it must fall, unless validated by subsequent legislation.

1. This court held in *Leffingwell* v. *Lane County,* 64 Or. 144 (129 Pac. 538), and in *Linn & Lane Timber Co.* v. *Linn County et al.,* 65 Or. 595 (133 Pac. 347), that said Section 6321 *is void for uncertainty.* We follow these cases, and hold that it is void and that the proceedings described in the complaint and answer are

invalid, unless their invalidity was cured by Section 2 of Chapter 316 of the Laws of 1913, page 611.

2. The act of which said Section 2 is a part is entitled "An act to amend Section 6321 of Lord's Oregon Laws, relating to roads and highways, special taxes therefor, etc., and declaring an emergency." The first section of this act amends said Section 6321, L. O. L., and Section 2 thereof is in the following language: "Section 2. All taxes heretofore levied and raised under the provisions of Chapter 202, Laws of 1909, and prior thereto, are hereby validated and declared to be lawful taxes and collectible, notwithstanding any formal defects in the levy thereof, or in the law providing for the same." Curative statutes operate retrospectively, and they are strictly construed. 8 Cyc., page 1023, says that such laws "are construed as narrowly as possible." In 2 Lewis' Sutherland on Statutory Construction (2 ed.), page 1000, the author says: "A statute to reassess a void tax will be construed strictly. Such a statute is in derogation of the rights of a citizen who may be affected by it. It compels him to bear a burden which he would not have to bear but for it." Bearing in mind that curative statutes are construed strictly, and turning to Chapter 202 of the Laws of 1909 (the law which said Section 2, *supra,* attempts to validate), we find that said Chapter 202 *does not relate to the levying of taxes at all.* The act which forms Chapter 202 of the Laws of 1909, page 297, is entitled, "An act to provide for state sanatoria for the treatment of the tuberculosis patients of the State of Oregon." There is nothing in said Chapter concerning any kind of taxes or assessments. It is apparent that there is a fatal error in said Section 2 of Chapter 316 of the Laws of 1913, but we have no power to decide that a section which expressly states that taxes levied under Chapter 202 of the Laws of 1909 are validated was in-

66 Or.—28

tended to apply to and cure the defects in some other statute, not named.

We hold that Section 2 of Chapter 316 of the Laws of 1913 is void, and that it did not validate the proceedings described in this case.

We hold, also, that the proceedings described in the complaint and the answer, by which it was attempted to levy said road tax in said Road District No. 6 of Coos County, are invalid, and that said supposed road tax is void.

The demurrer to said answer is sustained and the decree of the court below is reversed, and this case is remanded to the court below, with directions to proceed in said case in accordance with this opinion.

Reversed.

Mr. Chief Justice McBride, Mr. Justice Moore and Mr. Justice Burnett concur.