KAWNEER MANUFACTURING COMPANY *v.* KALTER.

[No. 23,279. Filed February 8, 1918.]

1. APPEAL.—*Review.*—*Excessive Damages.*—The claim that the damages are excessive cannot be sustained unless the amount is so large that it cannot be explained on any reasonable hypothesis other than prejudice, passion, partiality, corruption or that some improper element was taken into account. p. 101.

2. APPEAL.—*Review.*—*Extent of Injuries.*—*Evidence.*—*Weight.* —Where the jury evidently believed the evidence most favorable to the plaintiff concerning the extent of his injuries, to the exclusion of other evidence, the Supreme Court, under the authorities prohibiting it from weighing the evidence, could not substitute its judgment for that of the jury. p. 101.

3. MASTER AND SERVANT. — *Liability for Injuries.* — *Defective Scaffold.*—The act of March 6, 1911 (Acts 1911 p. 597), which provides (§§1, 4, 5, §§3862a, 3862d, 3862e Burns 1914) that every employer or person managing or conducting any business. or work of the character therein mentioned, is, for the purposes of the act, conducting a dangerous occupation; that it shall be the duty of all owners, contractors, or persons whatsoever engaged in the construction, repair or alteration of any building to see and require that all scaffolding be amply, adequately and properly constructed to bear all weight and adapted to perform the services and to meet the requirements for which it is designed or used, etc.; and that any person violating the act shall be subject to certain penalties: hence, where the jury found under the evidence that the appellant was an employer or contractor conducting the work of erecting and altering a store front, the appellant, under the provisions of the act, was "conducting a dangerous occupation," and was charged with a specific duty to see that all scaffolding was carefully selected, inspected and tested, and such duty did not rest upon the appellee, who worked as an employe upon the scaffold. p. 104.

4. MASTER AND SERVANT.—*Defective Scaffold.*—*Liability Under Statute.*—Although the act of March 6, 1911, Acts 1911 p. 597, §3862a *et seq.* Burns 1914, does not specifically authorize a civil action for damages on account of its violation, the violation of

its provisions placing specific duties upon employers constitutes negligence. p. 105.

5. MASTER AND SERVANT.—*Liability for Injuries.—Contributory Negligence.—Assumption of Risk.*—In an action under §8020a *et seq.* Burns 1914, Acts 1911 p. 145, providing that an injured employe shall not be held to have assumed the risks of the employment when the injury is caused by the employer's violation of a statutory duty, where the evidence favorable to the appellee showed, and the jury evidently found, that appellee was an employe within the meaning of §3862a *et seq.* Burns 1914, Acts 1911 p. 597, and that he was injured by reason of the employer's violation of the statute in the negligent construction of a scaffold, a recovery was not defeated by the fact that the employe knew, or by the exercise of ordinary care could have known, of the unsafe condition of the scaffold. pp. 105, 106.

6. DAMAGES.—*Questions for Jury.—Impairment of Earning Capacity.*—In an action for injuries, where there was evidence describing injuries and their effect on the use of plaintiff's arm and on his ability to work as plasterer and brick mason, and showing that for eight weeks after the injury he carried his arm in a sling; that at the time of the trial he was unable to raise his arm above his shoulder without severe pain; and that at the time of the injury he was earning $5 per day, the court was warranted in submitting to the jury the question of loss from physical impairment as an element of damage, though more definite evidence as to such impairment might have been introduced. p. 106.

From St. Joseph Superior Court; *George Ford,* Judge.

Action by William Kalter against the Kawneer Manufacturing Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590).

*Howell, Jones & Devine,* for appellant.
*Coolidge & White* and *Slick & Slick,* for appellee.

MYERS, J.—Appellant prosecutes this appeal from a judgment rendered against it for damages recovered by appellee on account of its alleged negligence in constructing a scaffold upon which appellee was working at the time of the accident. The overruling of appel-

lant's motion for a new trial is the only error assigned and not waived.

We shall consider the questions in the order presented by appellant. (1) Were the damages excessive? This court has repeatedly ruled that the claim of excessive damages cannot be sustained unless the amount is so large that it cannot be explained on any reasonable hypothesis other than prejudice, passion, partiality, corruption or that some improper element was taken into account. *City of Indianapolis v. Stokes* (1914), 182 Ind. 31, 35, 105 N. E. 477; *New York, etc., R. Co.* v. *Shields* (1916), 185 Ind. 704, 112 N. E. 762, 764; *Fox* v. *Barekman* (1912), 178 Ind. 572, 579, 99 N. E. 989; *Chicago, etc., R. Co.* v. *Roth* (1915), 59 Ind. App. 161, 168, 107 N. E. 689, 108 N. E. 971.

There was evidence to the effect that appellant, at the time of his injury, was sixty-four years old, and had a life expectancy of twelve years. He was a brick mason and plasterer by trade and was earning $5 per day. Since his injury, he cannot plaster overhead, nor raise his arm above his shoulder without intense pain. He has pain in the shoulder continuously. His suffering was diagnosed by physicians as caused by production of new tissue, and adhesions about the shoulder joint, "around the end of the bones and about the ligaments and tendons that constitute the shoulder joint". The opinion of a physician from an X-ray examination was "that there was probably a little chronic productive inferior process going on all about this diseased shoulder joint;" that the condition was brought about by an injury and "probably will be permanent." We shall not take space to collect other evidence on this subject, but it is sufficient to say that if the jury believed the evidence most favorable to appellee, to the exclusion of other evidence we might quote —and it must have done so—then, under the well-settled

rules prohibiting this court from passing on the weight of the evidence, we are powerless to substitute our views for that of the jury on the question of appellee's compensation.

(2) Does the evidence sustain the verdict? On this question appellant, in effect, takes the position that with appellee's experience of forty-six years in the work he was doing, if the scaffold was so unsafe, shaky, out of plumb and wabbly, as claimed by the witnesses for appellee, some of whom having so testified from observation, its unsafe condition must have been known to appellee, or at least he could have known it by the exercise of ordinary care. Upon this assumption of appellee's case, appellant has presented an ingenious and persuasive argument, but when analyzed it is based upon open and obvious defects, and the presumption of law—it being conceded that appellee possessed all his senses— that he saw what he could have seen had he looked, citing *Baxter* v. *Lusher* (1902), 159 Ind. 381, 385, 65 N. E. 211.

The complaint is under the Five-Man Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), and alleges that appellant, on February 5, 1914, was the contractor engaged in remodeling, repairing and altering a certain building known as the Robertson Store in South Bend; that for the purpose of, and to be used in, this work, defendant constructed a scaffold and in the building "thereof negligently and carelessly failed to use enough nails and nails of sufficient size and strength and * * * negligently and carelessly failed to brace and construct said scaffold with and out of a sufficient number of timbers, braces, crosspieces, supports, uprights and ledgers, and with timbers, braces, crosspieces, supports, uprights and ledgers of sufficient size and strength, and by reason thereof the said scaffold was weak, defective and unsafe for defendant's employes to

work upon, for which purpose it was intended by defendant to be used; * * * that defendant negligently permitted said scaffold to be used by plaintiff and plaintiff's co-employes to work upon, well knowing that same was unsafe and dangerous, and liable to collapse at any time on account of its defective construction." This complaint charges two specific acts of negligence in the construction of the scaffold—insufficient nailing and insufficient bracing; also negligence in permitting appellee to use it. There is abundant evidence to sustain charges of negligent construction; in fact, appellant does not seriously contend that the evidence in these respects is not sufficient; but it most earnestly insists that, had appellee observed any care at all, he would not have gone on the scaffold until it was made safe, and that his failure to observe and comprehend the visible defects was such negligence as, at law, will preclude a recovery.

In this connection appellant also argues that the evidence does not bring appellee within the act on which the complaint is said to rest, for the reason that the evidence shows that he was an independent workman, employing his own helper, and in absolute charge of the work he was doing at the time of the accident; that it was his duty, under the law, to see that the scaffold was safe, and his failure to do so was a violation of §4 of an act approved March 6, 1911, §3862d Burns 1914, (Acts 1911 p. 597) ; that this act was for the purpose of protecting life, and applied to all persons alike engaged in the erection and alteration of the store front mentioned in the complaint. While on the other hand, appellee insists that he was in the employ of appellant as an ordinary employe, and appellant's neglect to furnish him a safe scaffold to work on was a violation of §4, *supra,* and although the danger was apparent, the fact that he continued at work would not be a defense

to this action, nor make him guilty of contributory negligence, nor charge him with having assumed the risk of such employment under §§2 and 3 of the act approved March 2, 1911, *supra* (§§8020b, 8020c Burns 1914). Section 1 of the act approved March 6, 1911, *supra* (§3862a Burns 1914), provides: "That every employer, or person, managing or conducting any business, or work, or plant in the State of Indiana, of the character mentioned in this act, is, for the purposes of this act, conducting a dangerous occupation at the time of such occurrence, and subject to the provisions of this act." And §4 of the same act makes it "the duty of all owners, contractors, sub-contractors, corporations, agents, or persons whatsoever, engaged in the   *   *   *   construction, erection, repair, alteration   *   *   *   of any building   *   *   *   to see and to require   *   *   *   that all scaffolding, staging   *   *   *   and all contrivances used are amply, adequately and properly constructed, to bear all weights and adapted to and perform the services and meet the requirements for which they are designed or used, with safety   *   *   *," and for a failure to do these things §5, *supra* (§3862e Burns 1914), provides a penalty.

On the trial it was admitted that "plaintiff was in the employ of defendant at the time of the injury, and that he did such work as he was called upon to do in furtherance of the contract appellant had with Robertson Brothers." Considering §§1 and 4 together, and the evidence before the jury most favorable to appellee—the alleged error being want of evidence—on the question of his employment, we are clearly of the opinion that the act of March 6, 1911, *supra,* does not penalize the class of persons, of which appellee was one, there employed by appellant. "The evident intent of the statute was to hold responsible, for personal injuries to an employe, only that member

of the class enumerated who was engaged in the undertaking or enterprise embraced in the statute whereby the injury occurred." *Lawton* v. *Morgan* (1913), 66 Ore. 292, 131 Pac. 314, 134 Pac. 1037. See *Leet* v. *Block* (1914), 182 Ind. 271, 275, 106 N. E. 373. Assuming that the jury found that appellant was the "employer" or "contractor" conducting the work of erecting and altering the store front, then, under the statute, it was "conducting a dangerous occupation." It was by statute charged with a specific duty to see that all scaffolding was carefully selected, inspected and tested, so as to detect any defects, and to see that it was adequate and properly constructed to "perform the service and meet the requirements" for which it was designed or used with safety. The complaint alleges that the scaffold on which appellee was working at the time of the accident was not adequate and was not properly constructed, and there is evidence to support this allegation.

True, as appellant claims, the act of March 6, 1911, *supra,* does not in so many words authorize the bringing of a civil action for damages on account of its violation, but under the allegations of the complaint this case proceeded to trial and judgment on the theory that appellee's injuries resulted from the negligence of appellant, his employer, by reason of the construction of a defective and unsafe scaffold, due to appellant's negligence, fault and omission of duty, as specifically set forth in the complaint, which also shows a violation of a duty imposed on appellant by §4 of the act, *supra.* It has been held that "where a statute lays a specific duty on an employer, violation on his part of such specific duty is negligence." *Benkowski* v. *Sanders, etc., Co.* (1915), 60 Ind. App. 374, 380, 109 N. E. 924, 926, and cases cited. As applied to the rights of an injured em-

ploye when such injury is caused by the master's violation of a statutory duty, the general assembly of our state has declared that such injured party shall not be held "to have been guilty of negligence or contributory negligence," (§2, *supra*) nor shall such employe "be held to have assumed the risks of the employment." §3, *supra*. *Suelzer* v. *Carpenter* (1914), 183 Ind. 23, 107 N. E. 467; *Davis Coal Co.* v. *Polland* (1901), 158 Ind. 607, 62 N. E. 492, 92 Am. St. 319. The fact as to whether appellee was working independently, or as an ordinary workman for appellant was, under the evidence, a question for the jury; likewise the facts concerning the erection, security and adaptability of the scaffold. The evidence also warranted the jury in finding that as a consequence of appellant's negligence the scaffold fell, throwing appellee to the floor, a distance of about eight feet, to his injury.

Applying the law, as we have indicated it to be, to the pleadings and evidence disclosed by the record on this appeal, we therefore conclude that appellant's second contention must be overruled.

(3) Appellant complains of seven of the fifteen instructions tendered by appellee and by the court given to the jury. These instructions, when considered in connection with the seventeen instructions given at appellant's request, fully informed the jury as to the law applicable to this case. They were certainly as favorable to appellant on the question of contributory negligence as it could reasonably expect. We are satisfied that any fairly intelligent jury could not have misunderstood them to appellant's harm.

As to questioned instruction No. 16, which is considered by appellant the most harmful, it reads as follows: "If you find for the plaintiff, it will then be your duty to assess the amount of his damages. In assessing this amount, you may take into con-

sideration his loss of time with reference to his condition and ability to earn money in his business or calling, if any shown by the evidence; his pain and suffering already endured or that may be endured from said injuries in the future, if any shown by the evidence; his loss from impairment of his physical powers, if any shown in the evidence, and you should give him such sum as is shown by the evidence will compensate him for his injuries received, not exceeding the amount demanded in his complaint." In support of this contention, it is insisted that there is no evidence showing any loss from physical impairment, and that damages cannot be assessed without evidence disclosing the amount of the loss, if any. This insistence makes clear the grounds upon which appellant bases its objection, and in this light it will be considered. There is evidence describing appellee's injuries, their resulting effect on the use of his arm and, because thereof, inability to do the work required of him as a plasterer and brick mason. It appears that for eight weeks immediately after the injury of which he complains he carried his arm in a sling, and at the time of the trial, March 26, 1915, he was unable to raise his arm above his shoulder without severe pain. At the time he was injured, he was earning $5 per day. While evidence more definitely fixing a basis for determining any loss from any impairment of his physical powers might have been introduced, yet there was sufficient evidence to warrant the court in submitting to the jury the challenged element of damages embodied in the instruction.

(4) Certain instructions tendered by appellant were refused. We have carefully considered these instructions, as well as appellant's reasons why they should have been given. We cannot agree that reversible error was committed by the refusal of any one or all of these

instructions, for the reason that those not erroneous were covered by proper instructions given.

(5) The verdict was not contrary to law, for the reason that it is supported by the evidence, and not affected by any error of law pointed out as occurring at the trial.   Judgment affirmed.

NOTE.—Reported in 118 N. E. 561.  Master and servant: (a) employe's right of action for employer's violation of building laws as to scaffolds, 9 L. R. A. (N. S.) 376; (b) master's duty to servant in regard to erecting scaffold, Ann. Cas. 1913B 1123, 76 Am. St. 425.   Excessiveness of damages for personal injuries other than death, specifically as to injuries impairing the earning capacity of masons, L. R. A. 1915F 153.   See under (3, 4) 26 Cyc 1115; (6) 13 Cyc 217.