## DICKOVER, ADMINISTRATOR, *v.* OWEN.

[No. 12,413.   Filed April 9, 1926.]

1. **APPEAL.**—*Verdict will not be disturbed as excessive unless amount awarded is so excessive as to induce belief that jury acted from improper motive.*—A verdict will not be set aside for excessive damages or recovery unless it is so excessive as to induce the belief that the jury acted from partiality, prejudice, corruption or other improper motive, and should not be disturbed unless, "at first blush," it appears to be grossly excessive.   p. 465.

2. **APPEAL.**—*Duty of appellate tribunal to reverse judgment or order remittitur when verdict is so excessive as to induce belief that jury acted from improper motive or considered improper element.*—When a verdict is so large as to induce the belief that the jury was moved by prejudice, partiality, or corruption, or that some improper element was taken into account in determining the amount thereof, it becomes the duty of an appellate tribunal to reverse the judgment or order a remittitur.   p. 465.

3. **TRIAL.**—*Instructions authorizing recovery of contract price for services rendered decedent held erroneous where claim based on promise had been withdrawn from jury.*—In a claim against a decedent's estate for services rendered, where a paragraph based on a contract with the decedent to bequeath claimant all the former's estate was withdrawn near the end of the trial, instructions authorizing the recovery of the contract price for such services if any was agreed on, *held* erroneous, as calling attention to evidence concerning the withdrawn agreement, thereby introducing an improper element of damages.   p. 467.

4. **TRIAL.**—*Instruction authorizing recovery for board furnished and expense of moving was erroneous in absence of evidence that board was furnished or amount of such expense.*—In the trial of a claim against a decedent's estate for services rendered the decedent, an instruction which authorized recovery for boarding the decedent and expense of moving from another state to Indiana was erroneous in the absence of evidence that such board was furnished or of the amount of the expense of moving.   p. 469.

5. **EXECUTORS AND ADMINISTRATORS.**—*Admission of value of decedent's estate not improper in claim for services rendered decedent where claim was based on promise to will claimant all her property.*—In the trial of a claim against a decedent's es-

tate for services rendered the decedent, one paragraph of the claim being based on promise to will all decedent's property to claimant in return for said services, the admission of evidence of the value of the estate was not improper.   p. 469.

6.  TRIAL.—*Motion to strike out evidence in support of paragraph of complaint withdrawn necessary.*—Where evidence was properly introduced in support of a paragraph of complaint which was afterward withdrawn, the defendant, by failure to move its exclusion, waived any objection thereto.   p. 469.

From Tipton Circuit Court; *Cleon Wade Mount,* Judge.

Claim by Nora Owen against the estate of Elizabeth Dickover, deceased, Benjamin J. Dickover, administrator.   From a judgment for claimant, the administrator appeals.   *Reversed.*   By the court in banc.

*Gifford & Gifford, Joseph A. Roberts, Thomas E. Kane* and *Shirts & Fertig,* for appellant.

*Jesse R. Coleman* and *Gentry, Cloe & Campbell,* for appellee.

NICHOLS, C. J.—Action by appellee against the estate of appellant's decedent on a claim for services rendered decedent, and a second paragraph for damages for breach of alleged contract to make a will bequeathing to appellee all of decedent's estate.   Without demurrer, issues were joined on the claim by a general denial. There was a trial by jury which resulted in a verdict in favor of appellee on the first paragraph of the claim for $2,965, on which judgment was given against the estate.   The second paragraph of claim was withdrawn by the court's instruction from consideration by the jury.   By this paragraph of claim, it was averred that the decedent promised and agreed with appellee, who was a niece of the decedent, that if she would come from her home in the city of Detroit, Michigan, and live with the decedent, and move her family and household goods from said city of Detroit to the home of decedent in

Hamilton county, Indiana, and become her housekeeper and nurse, and assist her in the management of her farm and business affairs, she would, at her death, give and devise to appellee all of her property both real and personal of which she might die the owner. It is averred that appellee accepted the terms of said offer, and, because of such promises, appellee did move from her home in the city of Detroit to the home of the decedent, resided therein, and performed for the decedent the above services as required of her; but that the decedent breached her contract, and wholly failed to give and devise to appellee her estate, which was of the value of $8,000, or any part thereof.

While there is no cross-error assigned by appellee because of the court's action in withdrawing this second paragraph of complaint from the consideration of the jury, we have set it out in substance as above because of the influence which, as it seems to the court, it must have had upon the jury in the verdict rendered by the jury. It is to be observed that this second paragraph of claim was before the jury until the close of appellee's evidence, at which time appellant's motion to withdraw from the jury was sustained, and thereafter, the court, by an instruction, withdrew the paragraph from the consideration of the jury. Before its withdrawal, evidence was heard to sustain its averments, but such evidence, being oral, except one letter written in 1919, and the contents of another letter in which were the promises that appellee should have the estate left, evidently the court deemed the same insufficient either for the enforcement of the contract or damages for its breach. The court's ruling in withdrawing the second paragraph might have been questioned in view of proof of the contents of the letter containing the promise, but this question is not before

us. After the withdrawal of this paragraph of complaint from the consideration of the jury, there was no question of a contract, or of a breach of a contract, for the jury's determination. The only question which the jury had to consider thereafter was that of the value of appellee's services under the allegations of the first paragraph of the claim. Whether appellant's decedent had at any time promised appellee that, at the death of such decedent, appellee should have the whole of her estate, or any part thereof, and whether such promise and agreement on the part of appellant's decedent had been breached was not for the jury's consideration. We do not determine as to whether the court erred in sustaining appellant's motion to withdraw the second paragraph of the claim from the consideration of the jury for, as above mentioned, no cross-error is assigned. Appellant earnestly and forcefully contends that the recovery is grossly excessive. It is a well-established rule of law that a verdict will not be set aside for excessive damages or excessive recovery where the same is not so excessive as to induce the belief that the jury acted from partiality, prejudice, corruption, or other improper motive, and that the verdict of the jury should not be disturbed unless it appears to the court at first blush to be grossly excessive. *Alexander* v. *Thomas* (1865), 25 Ind. 268; *Kawneer Mfg. Co.* v. *Kalter* (1918), 187 Ind. 99, 118 N. E. 561; *Citizens Tel. Co.* v. *Prickett* (1919), 189 Ind. 141, 125 N. E. 193; *Grabowski* v. *Benzsa* (1923), 80 Ind. App. 214, 140 N. E. 76. But it follows as the converse of this rule of law that if a verdict of the jury is so large as to induce the belief that the jury was moved by prejudice, partiality, or corruption, or that some improper element was taken into account in its determination, then it becomes the duty of the court on appeal to intervene by reversal, or in a proper case order a remittitur.

By the undisputed evidence in this case, it appears that appellee, with her three children, came to the home of decedent in the latter part of June, 1920, and that her husband came in September following.

They lived together as a family, the husband farming the land after he came and dividing the products with decedent until in November, 1921, at which time, the decedent, having married Mr. Dickover, administrator appellant herein, she moved to Arcadia. During the seventy-four or seventy-five weeks that decedent remained on her farm, she was once sick with pneumonia for two weeks and called a physician who attended her during that sickness. At another time she was sick for three or four days and called her physician again. This physician testified that the value of appellee's services as he saw them were worth thirty-five dollars per week. Another witness testified that her services for seventeen weeks until her husband came were worth thirty-five dollars per week. Appellee's witnesses did not testify to the value of her services when the decedent was not sick, and after her husband came, but appellant's witnesses put the value of such services from five dollars to seven dollars per week. After the decedent moved to Arcadia, appellee's services consisted in assisting the decedent to clean house occasionally and in making some curtains, pillow cases, and in washing some bedding for two beds twice a year. Appellee, contending that the verdict is not excessive, says that for the first seventy-four weeks, or until the decedent moved to Arcadia, appellee should receive thirty-five dollars per week, and for the fifty weeks from the time that she moved to Arcadia until her death, she should have received ten dollars per week. It must be kept in mind that the allowance to appellee under the issues as they stood at the time the jury returned its verdict must be for services rendered and not for a

breach of contract, and this court is suspicious, under the facts and circumstances, that the jury may have taken into consideration some improper element. By instruction No. 1, the court informed the jury that, "as to the several items for the claim for services  *  *  * it will be your duty to determine what services were performed by the complainant for the decedent and the nature and extent of the services, and *it will also be your duty to determine whether there was any contract price," etc.* (Our italics.) The only contract that was mentioned was that contained in the second paragraph of the claim, evidence of which was given to the jury, and which evidence was not withdrawn from the jury unless it may be said to be withdrawn by the court's instruction that appellee was not entitled to recover on her second paragraph of claim for the reason that the facts would not support a verdict thereon. The only contract price mentioned in the evidence was to the effect that if appellee would move to the home of appellant's decedent and render her such service as she required, she should have all of decedent's property at her death. By the second instruction, the court includes an element of board and lodging which it does not appear by the evidence was furnished by appellee. By this instruction, the jury was instructed that if it found from the evidence that, during the period mentioned, appellee rendered services to the decedent in living with her, or nursing, boarding and caring for her, and in looking after her farm, her property and her business affairs, and that the decedent promised and intended that said claimant should be paid therefor, such promise would be sufficient to remove any presumption of gratuitous service. So far, this instruction correctly stated the law and was in harmony with the court's instruction in which the court properly charged that appellee, before she will be entitled to recover, must establish, by

a fair preponderance of the evidence, that the alleged services, or some of them, were performed by her for the decedent; that they were performed at the instance and request of the decedent; what the value of such services were; that the decedent was to pay therefor; that they have not been paid for, or that a balance remains unpaid for such services. But such instruction proceeds to say that appellee *should be entitled to recover the contract price if any contract price was agreed upon.* Again, we have the jury's attention called to the evidence concerning the agreement of the decedent that appellee should have all of her property. Under the facts and circumstances of this case, these instructions were erroneous, and the jury must have been confused thereby and led to take into consideration an improper element in assessing the amount of recovery.

The court erred in giving instruction No. 1 on its own motion by including therein the element of board furnished and the expense of moving from Detroit, 4. Michigan, to the home of decedent, for there was no evidence of such board or of the expense incurred in moving.

Appellant complains that it was error to admit proof of the value of decedent's property. At the time, however, that such evidence was admitted, the second 5, 6. paragraph of the claim was pending before the jury, and as it was averred therein that appellee was to receive all of the decedent's property at her death, the value of the same was a proper element for the jury in determining the amount of damages for the breach of the contract. Later, and when the second paragraph of complaint was withdrawn from the jury, had a proper motion been made by appellant to withdraw the evidence of the value of the property from the consideration of the jury, it would have been error for the court to overrule the motion. But no such mo-

tion was made and, having failed to make it, appellant waived its right to have the evidence withdrawn.

For the errors above pointed out, the judgment is reversed.